EASTERN DIST.
*April*, 1840.

STATE
OF LOUISIANA
*vs.*
JUDGE OF THE
COMMERCIAL
COURT.

---

### STATE OF LOUISIANA *vs.* JUDGE OF THE COMMERCIAL COURT.

#### ON AN APPLICATION FOR A WRIT OF MANDAMUS.

No appeal lies from proceedings had on a writ of *habeas corpus* in a criminal case, or for detention in disobedience to police regulations, and the like cases.

Civil cases are essentially those in which the defendant or party against whom relief is sought by *habeas corpus*, is a natural person or corporation, other than the State.

This case comes up on an application for a *mandamus* to compel the judge of the Commercial Court to grant an appeal from his decision, *refusing* a writ of *habeas corpus*.

The petitioner, John N. Stiles, free man of color, having been arrested and committed to prison on a warrant from the Honorable Joshua Baldwin, Recorder of the Second Municipality of the city of New-Orleans, for having *failed to leave the State of Louisiana, after having been notified to depart and forever to remain out of the same*, in contravention of "*an act* [of the legislature] *to prevent free persons of color from entering into this state, and for other purposes; approved March* 16, 1830; applied by counsel to the judge of the Commercial Court of New-Orleans, for a writ of *habeas corpus*, in order to be discharged from confinement.

His honor, *Judge Watts*, made the following order on the petition.

"Being of opinion that the whole subject of the colored population of the United States is, by the constitution of the United States, referred to the legislation of each separate state; and being also of opinion that the law under which the party is arrested, is therefore not opposed to the.constitution of the United States, and is essentially necessary to the police and self-protection of the slave-holding states:

"The application for a writ of *habeas corpus* is, therefore, refused."

An appeal was prayed to the Supreme Court from this decision, which was also refused; the judge of the Commercial Court not considering it an appealable case.

The petitioner then applied to this court for a writ of *mandamus*, commanding the judge *a quo* to allow the appeal.

*M. M. Robinson*, for the application, made the following points:

1. The writ should be granted; the decision of the judge below being one from which an appeal will lie. The proceeding by *habeas corpus* in this state, is under the provisions of the Code of Practice, *articles 786, 827*. It is a civil proceeding, cognizable by courts of exclusively civil jurisdiction. The proceeding by *habeas corpus* has always been regarded in England as a civil proceeding. See *Bacon's Ab.*, title *Habeas Corpus ad subjiciendum;* and *Bushell's case in Vaughan's Reports.*

2. The case of *Laverty* vs. *Duplessis*, 3 *Martin*, 42, is no authority against the petitioner. In that case it was determined, *first*, that the Supreme Court had no appellate jurisdiction; and, *second*, that it had no general superintending jurisdiction over the inferior courts. The question whether the proceeding by writ of *habeas corpus* was of a civil or criminal character, was not raised in that case. There is no decision in this state, or elsewhere, supporting the idea that the proceeding by *habeas corpus* is a criminal proceeding.

25    VOL. XV.

EASTERN DIST.
*April,* 1840.

STATE
OF LOUISIANA
vs.
JUDGE OF THE
COMMERCIAL
COURT.

EASTERN DIST.
*April*, 1840.

STATE
OF LOUISIANA
*vs.*
JUDGE OF THE
COMMERCIAL
COURT.

3. An appeal will lie from the decision of the judge below, though there be no allegation that the matter in dispute exceeds three hundred dollars, when, from the very nature of the case, the question must involve the most important interests, and the most valuable rights of the parties; the provision of the second section of the fourth article of the constitution being intended to limit the jurisdiction of the court to cases in which, *when the matter in dispute is estimated in money,* it shall exceed three hundred dollars.

*Martin, J.,* delivered the opinion of the court.

John N. Stiles, a free man of color, imprisoned under the "act to prevent free persons of color from entering into this state, and for other purposes, approved March 16, 1830," applied for a writ of *habeas corpus,* which was denied him, on the ground "that the subject of the colored population of the United States is, by the constitution of the United States, referred to the legislation of each separate state, and that the law under which the party is arrested, is not opposed to the constitution of the United States, and is essentially necessary to the police and self-protection of the slave-holding states." The applicant prayed an appeal from the denial of the judge to allow his writ, which was refused, and he has filed his petition in this court for a *mandamus* to the judge, commanding him to allow the appeal.

No appeal lies from proceedings had on a writ of *habeas corpus* in a criminal case, or for detention in disobedience to police regulations and the like cases.

This case cannot be distinguished from that of *Laverty* vs. *Duplessis,* 3 *Martin,* 42, in which this court held that no appeal lies from proceedings had on a writ of *habeas corpus.* In that case Duplessis, the marshal of the United States, being ordered to remove alien enemies to the interior of the country, arrested Laverty, a native of Ireland, who was discharged on a *habeas corpus.* The marshal being desirous of having the case examined in this court, prayed for an appeal, which was refused. He endeavored to compel the allowance of the appeal, by a writ of *mandamus,* without success. Cases like that and the present are not, in our opinion, civil cases. Civil cases are essentially those in which the defendant, or party against whom relief is sought,

Civil cases are essentially those in which the defendant or party against whom relief is sought by *habeas corpus,* is a natural person, or corporation, other than the State.

is a natural person, or corporation, other than the state. If a man sues for an *habeas corpus,* on an allegation of illegal detention of his wife, his minor child, or his ward, or that of his own person by a creditor, these and others of similar character are civil cases ; not so those in which the party is detained on the charge of a crime, disobedience to police regulations, and the like. See the case of *Hyde, et al* vs. *Jenkins,* 6 *Louisiana Reports,* 427.

The *mandamus* is, therefore, refused.