## EX PARTE MITCHELL.

$\begin{vmatrix} 1 & 413 \\ 48 & 798 \end{vmatrix}$

No appeal will lie from a judgment remanding a prisoner, who had applied by *habeas corpus* for a discharge. Such a judgment is not a final one.

The provision of art. 63 of the constitution which declares that, the Supreme Court " shall have appellate jurisdiction only in criminal cases on questions of law alone, whenever the punishment of death or hard labor may be inflicted, or when a fine exceeding three hundred dollars is actually imposed," confers on the Supreme Court power *to revise,* after final judgment, questions of law arising in prosecutions by indictment or information, but does not authorize appeals from decisions made on questions growing out of preliminary proceedings.

APPEAL from the First District Court of New Orleans, *Preston,* J. *Roselius,* for the appellant. *Elmore,* Attorney General, for the State. The judgment of the court was pronounced by

KING, J. *Robert Mitchell,* while confined in the jail of New Orleans, ap-

Ex Parte
Mitchell.

plied to the judge of the First District Court for a *habeas corpus*, alleging that his confinement was illegal, on several grounds stated in his application. After a hearing he was remanded by the judge, and from the order remanding him he has appealed. The Attorney General has moved to dismiss the appeal, on the ground that this court is without jurisdiction of the cause.

The 63d article of the constitution confers appellate jurisdiction on this court, " in criminal cases on questions of law alone, whenever the punishment of death or hard labor may be inflicted, or when a fine exceeding $300 is actually imposed." The framers of the constitution obviously intended by this clause, to grant to this tribunal power to revise questions of law which arise in prosecutions by indictment or information, after a final judgment, and not to allow appeals from decisions made on questions arising in preliminary proceedings.

A judgment rendered on an application for a *habeas corpus*, can in no sense be considered a final judgment. It does not decide all the matters in controversy between the State and the accused, but is in the nature of an interlocutory order, the tendency of which is not to work an irreparable injury to the prisoner. If the language of this article had left the intention of its framers in doubt, that doubt would be removed by reference to the 67th article, which gives to this court, and to each of its judges, " the power to issue writs of *habeas corpus*, at the instance of all persons in actual custody under process, in all cases in which they may have appellate jurisdiction." This grant of original power precludes the idea of the exercise of an appellate jurisdiction in relation to the same subject. *Appeal dismissed.*