STATE OF LOUISIANA, on relation of COOK et al., *v.* KEEPER OF PARISH PRISON.

Proceedings under the Act of 1859 entitled "An Act relative to free persons of color coming into the State from other States or foreign countries," are of a criminal nature.

In criminal prosecutions, the Supreme Court is without jurisdiction, unless the offence charged be punishable with death, or imprisonment in the penitentiary, or a fine exceeding three hundred dollars has been actually imposed. And then there must be a final judgment before an appeal can be taken.

In matters of *habeas corpus*, the jurisdiction of the Supreme Court is original, and not appellate. The original power to bail precludes the idea of the exercise of an appellate jurisdiction in relation to the same subject.

APPEAL from the Sixth District Court of New Orleans, *Howell,* J.

T. J. *Earhart,* for appellants.

VOORHIES, J. The plaintiffs, *John Cook* and *George Logan,* free men of color, being incarcerated, as they allege, under the provisions of the Act of 1859, entitled "An Act relative to free persons of color coming into the State from other States or foreign countries," applied to the Sixth District Court for the writ of *habeas corpus.* The rule, upon being tried, was dismissed, and the applicants remanded into custody.

There is, in the record, a bill of exception to the ruling of the District Judge, that the statute in question is not unconstitutional; and the judgment is sought to be reversed on that ground.

The case, however, cannot be decided on the merits, because we have no jurisdiction in the premises. The proceedings which gave rise to the present contro·versy having been originated under the provisions of the statute of March 15th, 1859, are of a criminal nature. What steps have been taken to carry out these provisions, the record does not inform us. The petition states that the plaintiffs, although they have committed no crime or offence, have been illegally arrested and imprisoned, but that the arrest was made under the Act of March 15th, 1859.

It is well settled that, in a criminal prosecution, this court is without jurisdiction, unless the offence charged be punishable by death, or imprisonment in the penitentiary, or a fine exceeding three hundred dollars has been actually imposed. And then there must be a final judgment, before an appeal can be taken.

But it must be observed that, in matters of *habeas corpus,* our jurisdiction is original, and not appellate. Const., Art. 69. In the case of *ex parte Mitchell* we held, that in no sense could a judgment rendered on an application for a *habeas corpus* be considered as a final judgment; and that the grant, to the Supreme Court, of original power to bail, precluded the idea of the exercise of an appellate jurisdiction in relation to the same subject. Const., Art. 69; 1 An. 413.

The application for a *habeas corpus* was not made to the Judge of the First District Court, in whom exclusive criminal jurisdiction is vested, in the parish of Orleans; and an appeal bond was furnished by the applicants, upon being remanded to jail. They evidently conceived that the proceedings in question were of a civil nature; but such is not the case.

It is, therefore, ordered and decreed, that the appeal be dismissed, with costs.

LAND, J., absent.