## No. 6018.

### STATE OF LOUISIANA vs. DAVID FENDERSON.

The only illegality complained of in this case is the selection of the grand jury by G. H. Braughn while he acted as judge of the Superior Criminal Court, under the appointment of Judge Abbott, the incumbent, then disabled by sickness, and before his subsequent appointment by the Governor. The question is whether this illegality can be inquired into, after conviction and sentence, on a writ of *habeas corpus.*

To ascertain the cases in which the writ may be granted recourse must be had to the English law and to the statutes of the State, which have provided specifically for particular cases. The *habeas corpus* act of 31 Charles II. has been re-enacted and adopted, if not in terms, yet in substance and effect, in all the United States. Article 822 of our Code of Practice enumerates the circumstances in which the writ may be issued when the party applying for it, and to be restored to liberty, is confined by the order of some tribunal. On this occasion the applicant does not bring himself within the provisions either of the English statute aforesaid or of those of our Code of Practice.

In the case now under consideration there is a sentence of conviction of a court of competent jurisdiction. It is not denied that the Superior Criminal Court had jurisdiction of the case, or even that Judge Braughn was the judge of that court when the indictment was returned into court and when he sentenced the convict.

The State constitution recognizes the writ of *habeas corpus,* and designates the courts which may issue it, but does not point out the cases in which it may be used as a remedy, except that the Supreme Court, or the justices thereof, shall exercise this power only in cases in which the court might have appellate jurisdiction. But the writ of *habeas corpus* was never designed to be a writ of error by which the errors or irregularities of final judgments could be revised. The application of petitioner is refused.

APPLICATION of David Fenderson for a writ of habeas corpus. *S. Belden,* for petitioner. *A. P. Field,* Attorney General, for respondent.

LUDELING, C. J. The petitioner represents that "on the twelfth of May, 1875, there was returned into the Superior Criminal Court of New Orleans, by a body styling themselves a grand jury, a 'true bill,' indicting petitioner for murder." He represents that he was tried on said indictment and convicted and was sentenced to be hung. He represents that the men styling themselves a grand jury were not grand jurors, and had no right or authority in law to indict petitioner, because they were selected or organized by George H. Braughn, who was not judge of said court at the time, and that the indictment and all proceedings

State of Louisiana vs. Fenderson.

under it were null and void. He alleges that he is unlawfully imprisoned under said conviction and judgment, and he prays to be discharged.

It appears from the evidence that the grand jury was impaneled on the fifth of April, 1875, by George H. Braughn, an attorney appointed by Judge Atocha to preside in his stead. Judge G. H. Braughn was commissioned on the tenth of April, 1875, and he qualified on the twelfth as judge of the Superior Criminal Court of New Orleans. On the twelfth of May, 1875, the grand jury returned into court the indictment. On the fourteenth of May the accused was arraigned, and pleaded not guilty. On the twentieth of May a list of the petty jurors was served on the accused. On the twenty-sixth of May he was tried by a jury and convicted; and on the seventh of June, 1875, he was sentenced by Judge G. H. Braughn.

The only illegality complained of is the selection of the grand jury by G. H. Braughn while he acted under the appointment from Judge Atocha and before his commission by the Governor. Can this illegality be inquired into after conviction and sentence, by the writ of habeas corpus?

The State constitution recognizes the writ of habeas corpus and designates the courts which may issue it, but it does not point out the cases in which it may be used as a remedy, except that the Supreme Court, or the justices thereof, shall exercise this power only in cases in which the court might have appellate jurisdiction.

To ascertain the cases in which the writ may be granted we must recur to the English law and to the statutes of the State, which have provided specifically for particular cases. The habeas corpus act of II. Charles directs that " a writ of habeas corpus shall be granted on the complaint and written request of any one *committed* and charged with any crime, unless it be for treason or felony, expressed in the warrant," etc., or unless " he *is convicted* or charged in execution by legal process." 3 Black, p. 136.

Chancellor Kent in his Commentaries says: " The explicit and peremptory provisions of the statute of II. Charles, c. 2, restored the writ of habeas corpus to all the efficacy which was requisite for the due protection of the liberty of the subject. That statute has been re-enacted and adopted, if not in terms, yet in substance and effect, in all these United States." 2. Kent, p. 23. Article 822 of the Code of Practice declares: " If it appear to the judge from the return to the writ or from the accompanying documents that the party is confined by the order of some tribunal, he can only restore such party to liberty in the following cases:

" First—Where such tribunal has exceeded its jurisdiction, as defined by law.

" Second—Where the original imprisonment was lawful, but by some act, omission, or event which has since occurred, the party becomes entitled to his liberty.

" Third—Where the order of imprisonment is deficient in some legal requisite. .

" Fourth—Where the order, although in due legal form, has been rendered in a case where the law does not allow the issuing of orders of arrest or imprisonment.

" Fifth—Where the order is in due form, but has been rendered or executed by a person not authorized for that purpose, or where the person detaining the prisoner is not the person to whom the law has prescribed that duty.

" Sixth—Where the order appears to have been obtained under false pretenses or by corruption.

"Seventh—Where there exists no general law, judgment, order, or decree of a court of justice, if it be in a civil suit, or *sentence of conviction*, if in a criminal suit, to justify the imprisonment."

In the case now under consideration there is a sentence of conviction of a court of competent jurisdiction. It is not denied that the Superior Criminal Court had jurisdiction of the case, or even that Judge Braughn was the judge of that court when the indictment was returned into court and when he sentenced the convict. The writ of habeas corpus was never designed to be a writ of error, by which the errors or irregularities of final judgments could be revised.

It is therefore ordered that the application of the petitioner be refused, and that he be remanded to prison.