In re. Strickland and Alford.

## No. 10,340.

## IN RE HARDY STRICKLAND AND A. J. ALFORD APPLYING FOR WRIT OF HABEAS CORPUS FOR BAIL.

The power vested by Article 89 of the Constitution in the Supreme Court and each of the judges thereof to issue writs of *habeas corpus*, is one of original and not of appellate jurisdiction,

That jurisdiction is concurrent with, but not superior to the jurisdiction conferred on judges of the courts of appeal and district judges, within their respective circuits and districts, by Articles 104 and 115 of the Constitution.

Hence the Supreme Court is powerless, and will decline, to review the action of a district judge who has jurisdiction over the place where the offense charged was committed, in refusing bail to the prisoner, after a full and fair preliminary examination, requested by the latter for the purpose of being admitted to bail.

Such an examination fulfills the object of a writ of *habeas corpus*, which is to afford judicial relief to parties who may be illegally deprived of their liberty.

The finding of the district judge at that examination cannot be reviewed by this court on the same evidence, on the alleged ground that his conclusion was erroneous.

APPEAL from the Sixteenth District Court, Parish of St. Helena. *Brame*, J.

*W. F. Kernan* for the Relators.

The opinion of the Court was delivered by

POCHÉ, J. The applicants, who are held under a charge for murder, have had a preliminary examination, at their request, before the district judge having jurisdiction over the case, and they were remanded without the benefit of bail.

In their present application they rely on the evidence heard by the district judge, which is brought up under the certificate of the clerk of the District Court. They aver that the testimony would at most make out a case of manslaughter, which is a bailable offense; hence they " charge that said decision of the said F. D. Brame, Judge of said District Court, on the facts disclosed on said preliminary examination is erroneous, and deprives petitioners of a right guaranteed to them by the Constitution."

Although the proceeding purports to be an application to our original jurisdiction, a careful consideration of the petition shows conclusively that the real intention of the applicants is to obtain at our hands a review of the action of the district judge in refusing to admit them to bail.

The basis of the relief sought here is his alleged error in concluding,

from the facts disclosed at the preliminary examination, that the nature of the offense with which they are charged was not bailable.

And the means afforded us for the relief sought, are by considering exclusively the identical evidence which had been submitted to the district judge.

The evidence thus submitted is not brought up by consent, but as a matter of right, the consideration of which, should under the law, lead this court to a conclusion different from that followed by the district judge. It is therefore apparent that the proceeding, although called by another name, is nothing but a disguised appeal.

Now under a proper construction of the constitutional provisions which vests this court, in specified cases, with the power of entertaining applications for writs of *habeas corpus*, it appears that the power is one of original, and not of appellate jurisdiction.

It is contained in Article 87 of the Constitution of 1879, which reads; " The Supreme Court, and each of the judges thereof, shall have power to issue writs of *habeas corpus* at the instance of all persons in actual custody in cases where it may have appellate jurisdiction."

The same power is conferred to the judges of the courts of appeal by Article 104, which reads : " The judges of the courts of appeal shall have power to issue writs of *habeas corpus* at the instance of all persons in actual custody, within their respective circuits."

And the power is likewise vested in judges of the District Courts. Article 115 provides that : " The district judges shall have power to issue writs of *habeas corpus* at the instance of all persons in actual custody in their respective districts."

Nothing in the language of the Constitution suggests the thought, or can justify the conclusion, that in the exercise of their respective powers in that connection, any of the judges referred to, are inferior to others, in the matter of the conclusions which they may reach. It is quite plain that the power is concurrent among all the judges therein referred to and enumerated.

The only difference is that in the case of the Supreme Court and of each of the judges thereof, the jurisdiction may extend to all parts of the State, whereas in the case of the others, the power can be exercised only within the territory embraced in their respective circuits or districts.

The Constitution contains no provision which even contemplates the right or authority of any court or judge to review the findings of any court or judge in the disposition of matters connected with a writ of *habeas corpus*.

The Constitutions of this State of 1845, 1852 and 1868 each contained a provision precisely similar in terms to Article 89 of the present Constitution. And in construing those provisions the Supreme Court has uniformly held that the jurisdiction thereby vested in that court was original and not appellate. Ex parte Mitchell 1 Ann. 413; State ex rel. Cook vs. Keeper of Parish Prison, 15 Ann. 347; State of Louisiana vs. Fenderson, 28 Ann. 82.

There is no attempt in the present case to invoke the aid of our supervision jurisdiction, and it is plain that it could not be applied to the complaint which these proceedings involve.

Under similar provisions in the Constitutions and laws of other States of the Union, the same construction has prevailed. From decisions rendered on the point, respectable authors have culled the following principle:

"In some of the States the Supreme Court, the superior district courts, and other courts of general jurisdiction, are all on the same base, so far as their authority, power or jurisdiction is concerned, relative to proceedings on habeas corpus. They have the same powers, the same authority, the same jurisdiction. The statute has invested them all with the same panoply of power, and neither sustains to the other the relation of a superior or inferior court, in the same sense that a district, superior or supreme court is superior to a court of the justice of the peace or other court of special and limited jurisdiction.

"The word 'superior' or 'inferior' can with no propriety be applied to the jurisdiction exercised by either. It is in each the same, one and identical. Therefore, to ask one of those tribunals to review the commitment made by another would be in reality a sort of collateral appeal from a jurisdiction to itself. And where the officer returns such a commitment, or the warrant is good on its face, the inquiry should extend no further, because the commitment has been made by a court of general jurisdiction, and one court of general jurisdiction should not review the proceedings of another on the writ of habeas corpus." Church on Habeas Corpus, p. 304.

The same views are expressed by another author, in the following language:

"The writ of habeas corpus is designated as a searching and inquisitorial process, and undoubtedly, may be issued by a court of appellate jurisdiction, on sufficient showing, at any period of the prisoner's confinement. But when the cause of commitment is shown and the prisoner is found in the custody of a court of competent jurisdiction, not

illegally asserted, the writ has fulfilled its mission and the prisoner should be remanded." Hurd on Habeas Corpus, 2nd Edition, p. 333.

The precise condition of things so clearly depicted in the foregoing quotations is illustrated in the present case, which goes even a step further in the matter of the elements leading to a denial of the relief sought at the hands of the appellate tribunal.

It is here shown that, at their special request, the applicants have had a hearing on the question of bail, before the judge of a court of general jurisdiction, and of special and exclusive jurisdiction of the case on its merits, as well as of all matters and incidents connected with the charge propounded against them and of their arrest and detention. It appears that the preliminary examination which they have had, the avowed object of which was substantially an application for bail, was full and fair, at which the testimony of their own witnesses was taken and considered, and in which they were throughout represented by able and eminent counsel of their own choice.

That examination must be held to have fulfilled the great and primary object of the writ of *habeas corpus* which is to afford judicial relief to parties who are illegally deprived of their liberty. State ex rel. Condon vs. Sheriff, 36 Ann, 855.

The present record, therefore, on its face, negatives the allegation that the applicants are illegally deprived of their liberty. There is no pretense that new evidence has been discovered, or that new facts have been unravelled or developed since the preliminary examination. On the contrary, the examination which this court is called to make is in terms restricted to the testimony which has been heard and considered by the district judge. The sole contention here is that he reached an erroneous conclusion of law from the facts elicited at the preliminary examination.

We, therefore, repeat that in inquiring into that evidence with a view to test the correctness or error of the district judge's conclusion in the premises, we would exercise an appellate jurisdiction with which we are not invested. Const., Art. 81.

Our attention is called to the case of Jones Hamilton and another, in which the Supreme Court of Mississippi, it is contended, reviewed the finding of a chancellor on an application for habeas corpus.

The facts of that case are that, on an application for a writ of habeas corpus to the chancellor, the prisoners were denied bail. After indictment they sued out another writ before the Chief Justice of the Supreme Court, who declined to reopen the case, and from that decision they

took an appeal to the Supreme Court, where the judgment was affirmed. Southern Reporter, Vol. 3, ex parte Hamilton and another, p. 69.

The appellate jurisdiction of the Supreme Court of Mississippi, in such cases, is derived from Article 2534 of the Code of 1880, which in terms provides for appeals from judgments on applications for *habeas corpus*.

It is, therefore, clear that the case referred to cannot be invoked as a precedent in the proceedings now under consideration.

We conclude that we have no power to reopen the case of applicants in the manner suggested by their pleadings.

It is, therefore, ordered that the present application for bail be denied and that the proceedings for habeas corpus herein be dismissed.