There was judgment in the trial court for defendant, and plaintiff has appealed.

### Opinion.

Defendant, who was plaintiff's near neighbor, finding that he, or the grand jury of which he was a member, was being charged with having brought about by reason of personal prejudice plaintiff's indictment and conviction for selling whisky without a license, was entitled to set himself right upon that subject, and as he appears to have been within the limits of the truth, and to have spoken without malice in saying to plaintiff and his relatives, though in the presence of others, that, if he had been actuated by such feeling, he might have pressed charges of stealing, he did not thereby make himself liable in damages for slander; it not appearing that he obtained the information upon which his statement was based in the secrecy of the grand jury room.

The judgment appealed from is therefore affirmed.

---

(61 South. 987.)

No. 19,882.

STATE v. JACKSON.

In re JACKSON.

(April 28, 1913.)

*(Syllabus by the Court.)*

1. HABEAS CORPUS (§ 33*)—APPELLATE JURISDICTION—SUPREME COURT.

The jurisdiction of the Supreme Court in habeas corpus cases is original and not appellate, and is concurrent with the jurisdiction of district judges in like cases. It follows that the Supreme Court has no jurisdiction to review the

action of district judges in refusing bail in a capital case after a full and fair hearing.

[Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. §§ 18, 31; Dec. Dig. § 33.*]

2. MANDAMUS (§ 53*)—WHEN LIES.

Mandamus will not lie to compel a district judge to reverse his ruling in a habeas corpus case.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 102–107; Dec. Dig. § 53.*]

3. BAIL (§ 49*)—VACATING GRANT.

It is competent for a district judge to vacate an inadvertent order granting bail in a capital case after indictment found, when there was nothing before him to rebut the presumption created by the finding of the grand jury.

[Ed. Note.—For other cases, see Bail, Cent. Dig. §§ 195–208, 241, 244; Dec. Dig. § 49.*]

Provosty, J., dissenting.

Application of George Jackson for a writ of habeas corpus. Writ denied, and relator applies for writs of certiorari and mandamus. Application dismissed.

Wear & Jones, of Jena, for relator. S. L. Richey, Dist. Atty., of Jena, for the State.

LAND, J. In November, 1912, the relator was indicted by a grand jury impaneled in and for the parish of La Salle for the murder of Will Dandy. The venire was quashed on the ground that one of the grand jurors was incompetent because he was a citizen and resident of another parish. At the next term of the district court, held in January, 1913, the relator was again indicted for the same murder, but was not tried owing to the crowded condition of the docket. At the end of the term the relator was granted bail in the sum of $1,000, which was subsequently reduced to $500, for which sum the relator executed a bond, with satisfactory security, and was released from custody on February 16, 1913. Three days later, the district judge wrote to the sheriff as follows:

"I hereby rescind the order herein issued admitting the accused George Jackson to bail. You will therefore hold him in your custody until further order of the court."

On February 20, 1913, the relator was rearrested and again incarcerated in the parish jail.

Relator thereupon applied to the district judge for a writ of habeas corpus, which was granted, and after due returns the case was taken up, and regularly tried, and the writ was discharged. Relator then applied to the Supreme Court for writs of certiorari and mandamus, and prayed that this court issue a writ of mandamus to the respondent judge commanding him to command the sheriff to release the relator.

The return of the respondent judge is, in substance, that the order to release the relator on bail was improvidently made, without notice to the district attorney, and without inquiry into the facts and circumstances of the case.

There was no mistrial, or continuance at the instance of the prosecution, and the accused was not entitled to bail. State v. Joseph, 40 La. Ann. 5, 3 South. 405.

There is no question of the jurisdiction of the district court in the premises, or of the competency of the judge, or of the regularity of the trial of the habeas corpus proceedings. Boiled down, the complaint is that the judge erred on questions of fact and of law, and on that ground relief is asked at our hands.

[1] In the well-considered case of In re Strickland, 41 La. Ann. 324, 6 South. 577, this court, through Poche, Judge, held that in the matter of habeas corpus the power vested in the Supreme Court was one of original, and not of appellate, jurisdiction, that such jurisdiction was concurrent with that of district judges, and that the Supreme Court was powerless to review the action of a district judge in refusing bail to a prisoner after a full and fair preliminary examination. See, also, Marr's Crim. Juris. §§ 217, 226.

[2] "Mandamus will not lie to compel judges to reverse their judgments, and to render specific judgments in place thereof, or to listen to evidence offered for the purpose of showing that under the facts, prior to the indictment for a capital offense, the prisoner is entitled to bail." Id. § 523.

[3] If an order for bail constitutes res judicata, the judge had no authority to reduce the amount thereof from $1,000 to $500 without the consent of the state. If the judge has authority to reduce, he has also authority to increase. State ex rel. Thomas v. Brusle, 34 La. Ann. 61.

On the face of the record the relator, twice indicted for murder, was not entitled to bail, and the only error committed by the district judge was in allowing bail in the first instance.

It is therefore ordered that the preliminary orders herein issued be recalled, and that relator's application be dismissed.

PROVOSTY, J., dissents.