SOMMERVILLE, J.
[2] Relator alleges in his petition that he is illegally incarcerated and held in confinement by the sheriff of Caddo parish, and that he is entitled to be released on bond for the reason:
“That he was tried and convicted for retailing intoxicating liquors without previously obtaining a license from the parish of Caddo, * * * and was sentenced to pay a fine of $500 and costs, and 12 months, subject to public work on the road, and that in default, 12 months additional.”
(2) That an appeal has been granted to him by the district court to the Supreme Court, and bond fixed at $2,500, and that the order fixing the amount of the bond was afterwards vacated by the district judge.
(3) That he is entitled to bail pending his appeal from said judgment.
Relator then prays:
“That this court order the sheriff of Caddo parish, La., to accept a bond to be fixed by your honors in such a sum as you may deem proper, with good and solvent surety, pending the appeal herein upon such terms sufficient, applicable in like cases, and after the giving and signing said bond, after being approved by the sheriff of Caddo parish, your relator will be released from custody pending appeal.”
A rule nisi was issued directed to the judge of the district court and to the sheriff of the parish of Caddo. The respondent judge answers that the appeal granted by him to relator was erroneously granted from an order refusing to release defendant under a writ of habeas corpus, and that any bond which he would fix would be illegal and invalid.
Respondent further shows that relator was convicted in the district court on a charge of retailing spirituous and intoxicating liquors without a license; that he had been fined and sentenced, as above indicated; that he had taken an appeal to the Supreme Court of the state from the final judgment against him in said case; that said appeal was dismissed because of proof that relator was a fugitive from justice, as will appear in the judgment rendered by this court December 1, 1913, in the case numbered 20,082, entitled State of Louisiana v. Peter Lacroute, 134 La. 3, 63 South. 603; that relator voluntarily returned to the parish of Caddo and surrendered himself to the sheriff of said parish; that he had served 30 days of his sentence, when he applied to the district court for a writ of habeas corpus; that relator has acquiesced in the judgment against him; and that he has lost his right to appeal.
Respondent further shows that relator’s remedy was by applying direct to the Supreme Court for a writ of habeas corpus, or by invoking the supervisory jurisdiction of that court.
In his petition, relator, as has been seen, alleges that he had been convicted and sentenced for selling liquors without a license, that he had appealed from the judgment and sentence, and that the judge refused to admit him to bail during the pendency of his appeal to the Supreme Court; whereas, the facts are, as disclosed in the return of the district judge and by the record in this court, No. 20,082, entitled State of Louisiana v. Peter Lacroute, 134 La. 3, 63 South. 603, that the appeal taken by him from the judgment and sentence referred to had been finally disposed of. He did not state in his application to this court for a writ that he had applied to the district court for a writ of habeas corpus, and, upon it being refused, he had sought to appeal to this court from that judgment, and to give bond for his appearance during the pendency of an appeal from the judgment refusing his application for a writ of habeas corpus.
[1] Relator is not entitled to give bond for his appearance in the district court after his appeal to this court has been finally disposed of. The judge) of the district court ruled correctly in refusing to admit relator to bail after his application for a writ of habeas corpus had been denied. No appeal lies from that judgment.
*903 The rule nisi herein is recalled; and relator’s application is dismissed at his costs.
PROVOSTX, J., absent on account of illness, takes no part.