FOURNET, Chief Justice.
The suspensive appeal herein .taken by V. G. Walker, Warden of the Louisiana State Penitentiary, from the judgment of the 20th Judicial District Court, Parish of West Feliciana, granting a writ of habeas corpus and ordering the relator-appellee Donald Womack discharged from the penitentiary is being considered jointly with an order issued by this court directing the Warden to show cause why the said Donald Womack should not he released from the penitentiary pending this appeal.[1] Relator-appellee, contending that no appeal can be taken from a judgment granting a writ of habeas corpus, moved to dismiss the appeal.
It is well settled in our jurisprudence that although an appeal will lie in a habeas corpus proceeding involving a civil matter, a judgment granting a writ of habeas corpus in a criminal case is not appealable.[2] However, a judgment in such a case may always be reviewed by this court under its supervisory jurisdiction upon proper showing by the party aggrieved that the judgment of the lower court was erroneous. See State v. Judge of Commercial Court, 15 La. 192; Ex parte Mitchell, 1 La.Ann. 413; State ex rel. Chicola v. General Manager of Louisiana State Penitentiary, 188 La. 694, 177 So. 804; State ex rel. Martinez v. Hattier, 192 La. 209, 187 So. 551. It therefore follows that respondent-appellant being without right to appeal in this case, the relator-appellee is entitled to be released and discharged under the judgment of the district court.
The conclusion we have reached makes it unnecessary to further consider and pass upon the order directing the Warden to show cause why the relator-appellee should not be released pending this appeal.
For the reasons assigned, the appeal is dismissed.[3]

. After granting the suspensive appeal, the trial judge remanded relator to the custody of the penitentiary and overruled relator’s motion to be confined in the parish jail pending this appeal as well as the motion to sot bond.

. The reason for this procedural rule of law is that the delay which generally attends an appeal would defeat the very purpose of the writ which has for centuries been esteemed the best and only sufficient safeguard of personal freedom, designed to give immediate relief from illegal confinement to those who may be imprisoned without sufficient cause and to deliver them from unlawful custody.

.Since this opinion was written, respondent-appellant filed a brief calling our attention to certain specific errors in the judgment appealed from. As pointed out herein above, we are without appellate jurisdiction of this cause, and such cases can only be reviewed by this court under its supervisory jurisdiction.