McCALEB, Justice.
 

 On September 6, 1957 appellant was sentenced to serve concurrent terms of five and ten years in the State Penitentiary on his plea of guilty to charges of narcotic addiction and possession of a hypodermic needle in violation of R.S. 40:962(A) and (B).
 

 In April of 1958, he applied to this court for a writ of habeas corpus in the proceedings entitled State of Louisiana v. Roosevelt McIsaac, No. 44,064 of our docket. The application was denied on the ground that relator had not exhausted his remedy in the courts of original jurisdiction.
 
 [1]
 

 Conformably with this ruling, appellant applied to the Caddo Parish District Court, in which he had been convicted and sentenced, for the issuance of a writ of habeas corpus. Following contradictory proceedings in that court, his request was denied and he thereupon notified the judge that he would apply for remedial writs. His application for writs was filed here on July 28, 1958 in the proceedings entitled State ex rel. Roosevelt McIsaac v. Maurice Sigler, Warden of the State Penitentiary, No. 44,231 of the docket.
 

 On August 15, 1958 the application was denied, it being our opinion that we were unable to discover any error of law in the ruling complained of. Three days later, appellant prosecuted the instant devolutive appeal.
 

 After the record was lodged here, the State appeared and moved to dismiss the appeal on the ground that this Court is without jurisdiction to review the decision of a trial judge in a habeas corpus proceeding when it arises out of a criminal case. This motion to dismiss was consolidated for hearing with the merits of the case and the matter has been submitted on briefs for our decision.
 

 The jurisdiction of this Court, original, supervisory and appellate is defined by Sections 2 and 10 of Article 7 of the Constitution.
 

 Section 2 of Article 7 provides, among other things, “The Supreme Court, the
 
 *778
 
 Court of Appeal, and each of the judges thereof, * * * may issue writs of habeas’ corpus, in behalf of any person in actual custody in cases within their respective jurisdictions ; * * * Section 10 of Article 7 declares that the Supreme Court shall have general supervision over all inferior courts and further confers upon it exclusive original jurisdiction in disbarment cases and in suits for removal of judges of courts of record from office. The appellate jurisdiction of the Court in civil matters is set forth in paragraphs 3, 4, 5 and 6 of the Section. And paragraph 7 vests the Court with appellate jurisdiction in criminal cases on questions of law alone “ * * * whenever the penalty of death, or imprisonment at hard labor may be imposed ; or where a fine exceeding three hundred dollars or imprisonment exceeding six months has been actually imposed”.
 

 Thus, it is seen that, so far as jurisdiction in habeas corpus cases arising out of criminal charges is concerned, the jurisdiction of the Court is original and not appellate as the grant of appellate jurisdiction in criminal cases is obviously restricted to a review of convictions or final judgments of a district court, on questions of law alone, entered at a time when the district court is vested with jurisdiction of the case. If, as in this case, the time provided by Article 542 of the Code of Criminal Procedure (R.S. 15:542)
 
 [2]
 
 for the taking of an appeal has elapsed and the sentence is being executed, this Court no longer has appellate jurisdiction of the matter. The only remedy available in such circumstance is the writ of habeas corpus which (save in extraordinary cases) must be presented to the judge of the court of the Parish in which the relator is being held. See Johnson v. Sigler, 235 La. 1056, 106 So.2d 469.
 

 It is the contention of counsel for appellant that, inasmuch as this court is vested with appellate jurisdiction in criminal cases wherein imprisonment at hard labor may be imposed, we have the authority to review the action of the trial judge in denying a writ of habeas corpus in which appellant seeks his release on th.e ground that his conviction and the sentence imposed upon him is illegal.
 

 This argument is not tenable. Ever since the Constitution of 1845, wherein this Court was first conferred with appellate jurisdiction in criminal cases,
 
 [3]
 
 it
 
 *780
 
 has been well settled that we are without appellate jurisdiction of habeas corpus proceedings in criminal cases. The landmark case on the subject is Ex parte Mitchell, 1 La.Ann. 413, decided in 1846. In that matter, a prisoner was demanding his release in a habeas corpus proceeding filed, in the district court by which he was being held. His application was refused and he appealed here for a review of the ruling. But the Court held that, since the 67th Article of the Constitution of 1845 vested it with original jurisdiction to issue writs of habeas corpus at the instance of persons in actual custody in all criminal cases of which the Court was given appellate jurisdiction, this grant of original power “ * * * precluded the exercise of an appellate jurisdiction in relation to the same subject.” The Mitchell case has been cited with approval in State v. Merrick, 10 La. Ann. 424; State ex rel. Cook v. Keeper of Parish Prison, 15 La.Ann. 347; State ex rel. Agusti v. Houston, 30 La.Ann. 1174 and In re Strickland, 41 La.Ann. 324, 6 So. 577. See also State v. Fenderson, 28 La. Ann. 82; Ex parte Ryan, 124 La. 286, 50 So. 161 and State v. Lacrouts, 134 La. 900, 64 So. 824. Indeed, our lack of appellate jurisdiction of habeas corpus proceedings in criminal cases seems to have been regarded by this Court as so fundamental that, in the later cases like State v. Lacrouts, supra, no reference is even made to the previous authorities or constitutional provisions.
 
 [4]
 

 In connection with their argument that we have appellate jurisdiction, counsel for appellant seem to derive some comfort from the statement contained in Footnote No. 2 of our recent opinion in State ex rel. Womack v. Walker, 236 La. 129, 107 So.2d 417, that a judgment granting a writ of habeas corpus is not appealable because the delay attending an appeal would defeat the purpose of the writ, which is designed to give immediate relief from illegal confinement to those who may be imprisoned without sufficient cause. Counsel say that, since the writ in this case has been denied, the reason ascribed in the Womack case is clearly inapplicable.
 

 The statement relied on, which was made in relation to an improvidently issued suspensive appeal having the effect of nullifying the writ previously granted, does not
 
 *782
 
 support counsel’s claim that we have appellate jurisdiction of applications for writs of habeas corpus in criminal cases. We did not state, nor did we intend to convey the impression, that the referred to procedural rule of law applicable in habeas corpus cases could or did govern our jurisdiction, which is founded on a constitutional grant.
 

 For the foregoing reasons, the appeal is dismissed.
 

 [1]
 

 . This ruling was in keeping with the provisions of Article 114 of the Code of Criminal Procedure (R.S. 15:114) and the well-settled jurisprudence that, whereas this Court is vested by Section 2 of Article 7 of the Constitution with original jurisdiction to issue writs of habeas corpus, it will refrain from exerrising this power unless resort is first had to a court or a judge of a court of inferior jurisdiction having authority to issue the writ, save in extraordinary instances making direct action or intervention necessary and expedient. See State v. Brockner, 207 La. 465, 21 So.2d 499.
 

 [2]
 

 . It prescribes, in substance, that an appeal must be taken -within ten judicial days after the rendition of the judgment and provides for the granting of an additional delay in case the judge has not acted on the bills of exceptions tendered him.
 

 [3]
 

 . Under the Constitution of 1812, jurisdiction of the Court was limited to appeals in civil cases involving more than $300. In accordance therewith, it was held in Laverty v. Duplessis, 1813, 3 Mart., O.S., 426 and State v. Judge of Commercial Court, 1840, 15 La. 192 that no appeal lies in habeas corpus proceedings arising out of criminal cases for the reason that the Court was without jurisdiction of all criminal proceedings.
 

 [4]
 

 . This jurisprudence is to be compared with and distinguished from habeas corpus proceedings involving the right to custody of a child. It is established that in such cases a devolutive appeal from the judgment of the district court lies to this Court. The reason for this is that, in cases involving the custody of . children, of which we are given appellate jurisdiction under Section 10 of Article 7 of the Constitution, the issuance of a writ of habeas corpus is only ancillary to the main demand and thus does not affect the right of appeal. See Tardy v. Carra, 147 La. 98, S4 So. 508 and Tate v. Tate, 163 La. 1047, 113 So. 370 and authorities therein cited.