BAILES, Judge.
John Paul McIntyre, an inmate in the penitentiary at Angola, makes application to this court for a writ of habeas corpus. I-Ie was sentenced in the Fourteenth Judicial District Court of Calcasieu Parish to serve two terms of ten years each, to run consecutively, after pleading guilty to two charges of armed robbery.
Petitioner’s application is based on the ground that he was denied the right to legal counsel by the trial court, apparently basing his contention on the provisions of R.S. 15:142-143. He further contends that under the provisions of R.S. 15:137(3), he is entitled to his liberty.
Additionally, petitioner contends that this court has jurisdiction of the subject matter of his application under the provisions of R.S. 15:117, the pertinent part of which provides:
“Every application for a writ of habeas corpus shall be by petition in writing addressed to a competent court or judge and in the name of the state of Louisiana on the relation of the person in custody. * *
Inasmuch as this is a matter arising out of a criminal prosecution and involving the interpretation and application of the criminal statutes of this State, and in view *775 of the provisions of the Constitution of this State delineating the jurisdiction of this court as to exclude all appellate criminal jurisdiction, the constitutional investiture of original jurisdiction for issuance of a writ of habeas corpus does not apply in this case.
Article 7, Section 2 of the Constitution of this State, in substance, provides that the Courts of Appeal, and each of the judges thereof, subject to review by the court of which he is a member, may issue writs of habeas corpus, in behalf of any person in actual custody in cases within their respective jurisdictions.
Article 7, Section 29 of the said Constitution provides:
“Any provision of this Constitution or law to the contrary notwithstanding, the courts of appeal have appellate jurisdiction of the following cases of which the Supreme Court is not given appellate jurisdiction under Article VII, Section 10 of this Constitution; all matters appealed from the family and juvenile courts, except criminal prosecutions against persons other than juveniles; * *
Article 7, Section 10, provides:
“ * * *
“The following cases only shall be appealable to the Supreme Court:
******
(5) Criminal cases in which the penalty of death or imprisonment at hard labor may be imposed, or in which a fine exceeding three hundred dollars or imprisonment exceeding six months has been actually imposed. * * * ”
By referring to R.S. 14:64, we find that the penalty for the crime of armed robbery is imprisonment at hard labor for not less than five nor more than thirty years.
Thus, from the foregoing it is obvious that this court does not have any appellate jurisdiction over a conviction of the crime of armed robbery. Equally obvious is the fact that we have no jurisdiction to issue a writ of habeas corpus and involve this court in a determination of whether the relator was legally convicted and sentenced for the crime of armed robbery. We would be doing indirectly that which we have no power or authority or jurisdiction to do directly.
Even if we did have jurisdiction of the subject matter involved in this application, we would prefer to follow the lead of the Supreme Court and adopt the procedure it did in the case of State ex rel. McIsaac v. Sigler (1959) 236 La. 773, 109 So.2d 89. Therein, in footnote 1, the court said:
“This ruling (referring to the statement in the body of the opinion that the application was denied on the ground that relator had not exhausted his remedy in the courts of original jurisdiction) was in keeping with the provisions of Article 114 of the Code of Criminal Procedure (R.S. 15:114) and the well-settled jurisprudence that, whereas this Court is vested by Section 2 of Article 7 of the Constitution with original jurisdiction to issue writs of habeas corpus, it will refrain from exercising this power unless resort is first had to a court or a judge of a court of inferior jurisdiction having authority to issue the writ, save in extraordinary instances making direct action or intervention necessary or expedient. See State v. Brockner, 207 La. 465, 21 So.2d 499.”
For the foregoing reasons, we decline to issue the writ of habeas corpus, and the application therefor is dismissed.
Dismissed.