BLANCHE, Judge.
Richard Kilbourne, individually and in his capacity as District Attorney of the Twentieth Judicial District of Louisiana in and for the Parish of West Feliciana, petitioned the District Court of the Twentieth Judicial District of Louisiana, William T. Bennett, presiding, for a temporary restraining order enjoining Mrs. Elayn Hunt, as Director of the Department of Corrections, and C. Murray Henderson, as Warden of Louisiana State Penitentiary, from “altering or changing, in any manner, the maximum security confinement status of any of the prisoners presently confined on Death Row at the Louisiana State Penitentiary, particularly Jesse James Washington and Louis Hall.” A show cause order was issued ordering the named defendants to show cause why the temporary restraining order should not be made final. After a hearing on the rule, a preliminary injunction was issued. From this judgment the defendants have devolutively appealed and plaintiff has moved to dismiss the appeal. We deny the motion to dismiss.
Plaintiff characterizes the matter before us as a criminal case and argues that Article 7, Sections 10 and 29 of the Louisiana Constitution deny this Court jurisdiction in criminal cases. The foregoing sections do vest exclusive jurisdiction of criminal cases in the Supreme Court. However, mover’s error lies in his characterization of the case before us as a criminal case. Article 7, Section 10 of the Louisiana Constitution provides that the Supreme Court’s appellate jurisdiction extends “to questions of law only” in “[cjriminal cases in which the penalty of death or imprisonment at hard labor may be imposed, or in which a fine exceeding three hundred dollars or imprisonment exceeding six months has been actually imposed.”
In our opinion, the case before us which involves altering or changing the maximum security confinement of any of the persons under death sentences for capital crimes is not a criminal case as contemplated by the foregoing constitutional provisions. To the contrary, it is a matter concerning the authority of the Director of the Department of Corrections and the superintendent and warden of the State Penitentiary to change or alter the maximum security confinement status of such persons.
The cases of State ex rel. Webb v. Sheriff of Calcasieu Parish, 198 So.2d 692 (La.App. 3rd Cir. 1966); State ex rel. Jackson v. Sheriff of Caddo Parish, 236 So.2d 93 (La.App. 3rd Cir. 1970); State ex rel. McIntyre v. Allgood, 178 So.2d 774 (La.App. 1st Cir. 1965), relied upon by mover are inapposite. All of these cases involve applications by prisoners to be relieved from confinement and as such each presented a criminal case on a question of law concerning imprisonment at hard labor over which the Supreme Court had exclusive jurisdiction.
For the above and foregoing reasons, the motion to dismiss is denied.
Motion to dismiss denied.