FOURNET, Chief Justice.
The defendants, Hunter Hagen and Louis McKinney, when called for arraignment on a bill of information jointly charging them with aggravated battery, each *841 pleaded guilty and was sentenced to serve two years in the penitentiary at hard labor. They are appealing from this judgment, relying on 'bills of exception that were reserved to the ruling of the trial judge (1) overruling their motion to rescind the sentences imposed, (2) overruling their motion to withdraw their pleas of guilty, and (3) maintaining the State’s objection to the introduction of evidence in support of the latter motion.
The motion to rescind is grounded on the contention that sentences were imposed in violation of Article S21 of the Code of Criminal Procedure, requiring a delay of 24 hours before imposing sentence after conviction. The trial judge in his per curiam to this bill declares that upon arraignment, in response to questions asked by the court, each defendant declaréd that he (1) did not have an attorney, (2) did not intend to employ one, (3) did not desire the court to appoint one, and, after being instructed that the bill of information would be read to them by the clerk and that at the conclusion of such reading they would be required to plead thereto, (4) informed the court that they knew how they wanted to plead; and that when called for sentence, each replied “yes” to the judge’s query as to whether they were ready for sentence, also replied that they did not care to make any statement when as'ked if they wished to make one before sentence was passed. Under these facts and circumstances we think the trial judge properly overruled the motion. See State ex rel. Chicola v. General Manager of Louisiana State Penitentiary, 188 La. 694, 177 So. 804; see, also, State v. Martin, 199 La. 39, 5 So.2d 377. The case relied on by the defendants in support of their contention, State v. Mistich, 186 La. 174, 171 So. 841, is clearly distinguishable from a factual standpoint and therefore has no application to the case at bar.
Following the trial of this motion, the defendants filed a motion seeking leave of the court tO' withdraw their plea of guilty, and when the trial judge maintained the district attorney’s objection to their offering any testimony in support of the motion, they reserved bill of exception No. 2. The defendants were permitted, however, to give this testimony, and it was attached to the bill of exception; and they reserved their third bill of exception when the trial judge overruled the motion. The trial judge gave as his reason for sustaining the objection that he was of the opinion that whether or not a defendant should be allowed to withdraw his plea of guilty was a matter that addressed itself largely to the discretion of the court, and since no good or legal reason was shown in support of the motion he sustained the objection and refused to admit the evidence. And, after hearing the testimony which was made a part of the bill, the court became convinced that the defendants had no legal defense to the charge. The trial judge in our opinion properly overruled the motion. The hold *843 ing in the case of State v. Williams, 45 La.Ann. 1356, 14 So. 32, relied on by the appellants, is not authority for their position, but instead supports the holding of the trial judge.
For the reasons assigned, the convictions and sentences are affirmed.