## GOOD et al. v. DOW CHEMICAL CO.
### No. 12374.

Court of Civil Appeals of Texas. Galveston.

March 27, 1952.

Rehearing Denied April 10, 1952.

employees, and friends, on lands adjacent to and adjoining others of its properties around Lake Jackson, in Brazoria County, and especially what were termed its "picnic grounds" adjoining its larger tract, known as the "Lake Jackson Farms Subdivision."

Appellants' points of error here are, in substance, these:

"I.

"The Rules of Practice and Procedure * * *, and the Statutes of Texas, authorizing injunctions, have been construed and applied by the court below so as to bring them into conflict with the First and Fourteenth Amendments to the United States Constitution, and Sections 3, 6, 8 and 27 [art. 1], of the Constitution of Texas [Vernon's Ann.St.], in that the judgment * * * deprives appellants of their constitutional rights of freedom of assembly, speech, and worship.

"II.

"The trial court failed to hold, on the undisputed evidence * * *, that the appellee was estopped to deny the appellants the right to enter the park and use it for public meetings, in that use, license, and an implied public dedication, were established as a matter of law."

Neither of these presentments, it is determined, should be sustained; upon the contrary, it is held that these two counterpoints by the appellee are fully supported by the undisputed evidence, and the law of Texas, hence that they must be sustained, to wit:

"I.

"Since the undisputed evidence established that there was no express dedication of the picnic grounds, roads, and other lands to public use, and clearly negatived any intention of appellee to dedicate the picnic grounds, roads, and other lands to public use, it was therefore established as a matter of law that there has been no dedication, either express or implied, of such picnic grounds, roads,

Hayden C. Covington, of Brooklyn, N. Y., Tom S. Williams, of San Antonio, for appellants.

J. P. Bryan, Raymond J. Fields, Ralph W. Gilbert, of Freeport, Vinson, Elkins & Weems, W. S. Elkins, W. B. Arnold, and Leroy Jeffers, of Houston, for appellee.

GRAVES, Justice.

This appeal by them—that is, certain individual members thereof, together with an unincorporated association called "Jehovah's Witnesses"—as appellants, is from a permanent injunction in favor of The Dow Chemical Company, a private corporation, as appellee, granted by the 23rd District Court of Brazoria County, sitting without a jury.

The writ, in substance, permanently enjoined the appellants from entering upon and holding their "Jehovah's Witnesses" meetings therein, a certain park and "picnic grounds," established and maintained by the appellee for the social and recreational use of itself, its various departments,

and other lands to public use. Therefore, appellants were properly enjoined from trespassing on undedicated private property.

"II.

"Appellants' constitutional rights of freedom of assembly, speech, and worship, do not include the privilege of exercising such rights on appellee's undedicated private property, without the consent and against the will of appellee. Accordingly, the judgment enjoining appellants from trespassing upon appellee's undedicated private property did not abridge appellants' constitutional rights."

In the first place, it is plain that—contrary to the undisputed state of the record—the appellants assume that the "picnic grounds" constituted a public park; whereas, the undisputed testimony showed that it never had been intended to be so dedicated, but that the unvarying purpose of the appellee, in its establishment and maintenance, had been, as indicated supra, to maintain these premises for the social and recreational use only of itself, its departments, and employees, together with their friends. In further pressing their error in that respect, the appellants freely admitted upon the trial, as the statement of facts and the record undisputedly show, that—in pursuance of their insistence that the "picnic grounds" is a public park—they would continue to use those premises as a place upon which to conduct their public meetings, regardless of the appellee's wishes in that matter, unless the court should enjoin them from so doing, which its decree did.

Wherefore, it would be going beyond the requirements to follow the appellants' lead in attempting to apply either the Federal or the State law to what would have been their right to hold their meetings in a public park, where all classes were expressly invited to go; hence, their initial assumption, to quote it from their brief, that "Appellants' constitutional rights to meet in a public park maintained by the appellee have been denied by the permanent injunction issued by the District Court of Brazoria County, on September 20, 1951," is a non sequitur. Ramthun v. Halfman, 58 Tex. 551; Oswald v. Grenet, 22 Tex. 94; International & G. N. R. Co. v. Cuneo, 47 Tex.Civ.App. 622, 108 S.W. 714, writ of error refused; Ladies' Benevolent Society v. Magnolia Cemetery Co., Tex.Com.App., 288 S.W. 812; Johnson v. Krieg, Tex.Civ. App., 175 S.W.2d 102, writ of error refused; Ward v. Rice, Tex.Civ.App., 239 S.W.2d 823, writ of error refused.

Since under the cited authorities and the given state of the record, it must be held that the trial court properly found not only that the picnic grounds, roads, and other lands here involved constituted undedicated private property of the appellee, it would seem to follow that the appellants had no right to enter thereon, over the protests and objections of the appellee, for the purpose of assembling and speaking, as the trial court found they had declared they would do unless it enjoined them from carrying out that determined purpose upon their part. It would seem to follow—as night the day—that any constitutional rights of the appellants to freedom of assembly, speech, and worship, have not been in any wise abridged by the trial court's injunction against them; in other words, they simply could not exercise those claimed abstract rights on the appellee's private property without its permission, and over its objection, since in the attempt to do so they had no higher standing than any other trespassers.

It is thought to follow also that there is no issue of constitutional law involved in this controversy as presented upon this appeal; all of the authorities cited and relied upon by appellants in their brief, under their quoted Point I, plainly involve only the issue of constitutional rights as to freedom of assembly, speech, and worship, in public parks, on public streets, or in other public places—that is, either in places which were publicly owned, or places which had been actually dedicated to public use. The large number of cases they cite upon that subject are, therefore, not material to this controversy.

In a somewhat similar case in the State of Louisiana, where some Jehovah's Witnesses claimed the constitutional right to travel down the private road of a farm, to visit and distribute their literature to tenants at their individual houses, such case being reported under the name of State v. Martin, 199 La. 39, 5 So.2d 377, 380, the court said: " 'These guaranties of freedom of religious worship, and freedom of speech and of the press, do not sanction trespass in the name of freedom. We must remember that personal liberty ends where the rights of others begin.' "

See also Hall v. Commonwealth, 188 Va. 72, 49 S.E.2d 369; and, Watchtower Bible & Tract Society v. Metropolitan Life Ins. Co., 297 N.Y. 339, 79 N.E.2d 433, 3 A.L.R.2d 1423, writ of certiorari denied, 335 U.S. 886, 69 S.Ct. 232, 93 L.Ed. 425.

These conclusions require an affirmance of the judgment. It will be so ordered.

Affirmed.