HAMITER, Justice.
On September 16, 1955, when called for arraignment, Robert Monix (alias Joe Bob Bennett and Billy Jack Barnett) and Bobby Dale Russell entered pleas of guilty to four separate charges of burglary. On the same day they received consecutive sentences of one year on each of the charges.
Six days thereafter the defendants filed motions requesting a setting aside of the convictions and sentences and that they be permitted to withdraw the pleas of guilty previously entered and to substitute pleas of not guilty.
On September 26, 1955, the motions were called and tried, evidence in support thereof having been adduced, and were denied. The following day applications for a rehearing on the motions were filed, argued and overruled. Immediately, defendants requested and were granted the instant appeal.
Later on October 8, 1955, in petitions filed here (No. 42,644), the defendants sought the issuance of writs of habeas corpus under our original jurisdiction, they directing attention to the mentioned convictions, sentences and appeal, and alleging that on September 27, 1955, the Sheriff of Bossier Parish removed them to the Louisiana State Penitentiary “for the purpose of serving the sentences in said proceeding which is a direct violation of the right of suspensive appeal.” They prayed among other things, that under appropriate orders they be returned to the Bossier Parish jail and there held pending final disposition of the causes in which they were convicted and sentenced. We refused to grant the writs, assigning as reasons for the ruling that in the absence of extraordinary circumstances the court would not exercise its original jurisdiction.
Subsequently, defendants applied to the Twentieth Judicial District Court of West Feliciana Parish for the writs of habeas corpus, but the relief sought was denied. Thereupon, pursuant to their applications (Nos. 42,674 and 42,675 on the docket of this court), we issued under our supervisory powers writs of certiorari, together with rules to show cause which were made returnable here on the same date that the instant appeal from Bossier Parish was scheduled to be heard. And when the three matters were called for hearing all, in consolidated form, were submitted on briefs without oral argument.
By the instant appeal there is presented for our consideration only the overruled motions in which the defendants sought a setting aside of their convictions and sentences and requested that they be permitted to withdraw their pleas of guilty and to substitute pleas of not guilty.
According to LSA-R.S. 15:266, “The allowance or disallowance of the withdrawal of a plea of guilty is within the *147 sound discretion of the court.” However, appellants, in substantiation of their motions, here invoke, and rely on the provisions contained in LSA-R.S. 15:266.1 reading: “Where a plea of guilty in felony charges is entered by any judge of the district courts within forty-eight hours after the arrest and incarceration * * * the plea or sentence imposed shall be set aside and revoked upon motion filed by accused or his attorney in the court where the plea was entered, within thirty days after the entering of the plea or the imposition of sentence thereon.’.’ And counsel for appellants to quote. from his brief, argues:
“The uncontroverted evidence shows that the defendants in this cause were apprehended in the State of Oklahoma. After waiving extradition, they .were returned to the State of Louisiana, arriving in Bossier Parish at 1:00 o’clock, A.M., September 15, 1955, when they were ‘booked’ and incarcerated in the Bossier Parish Jail. * * *
■ “It is submitted that the record unquestionably shows these defendants to have entered pleas of guilty within 48 hours of their arrest and incarceration. * * * The Court minutes show they entered pleas of guilty on the 16th day of September and were immediately sentenced and judgments signed and filed. * * *”
This argument overlooks the important fact, also disclosed by the record, 'that these defendants were taken into cust "tody- and held under' formal arrest not later than September 13, 1955, by Tulsa, Oklahoma, authorities. Thereafter the prisoners, while still under arrest and having waived extradition, were returned to this state by the Bossier Parish officers. It appears, therefore, that' a period of more than 48 hours elapsed between the date of arrest and incarceration of defendants and their pleas of guilty on September 16, 1955 as is required by the invoked statutory provisions. We do not construe the 48 hour requirement of the statute as having reference only to an “arrest and incarceration” occurring in the parish in which the plea "of guilty is entered. That it does so refer is not shown by any authority cited by defense, and we know of none.
Finally, in ' connection with their overruled motions, appellants contend here that since the sentences were imposed on 'them immediately following the entering of pleas of guilty there was a violation of LSA-R.S. 15:521 which recites: “In all criminal cases at least twenty-four hours shall elapse between conviction and sentence, unless the accused waive the delay and ask for the imposition of sentence at once * *
In State ex rel. Chicola v. General Manager of Louisiana State Penitentiary, 188 La. 694; 177 So. 804, 808, this court, in considering the quoted statutory provision, stated: “The word ‘conviction,’ ordinarily, means a conviction by means of a plea of guilty, as well as a conviction in consequence of a trial by a judge or jury; but, as-used in article 521 of the Code of Criminal Pro *149 cedure, the word ‘conviction’ means conviction in consequence of a trial by a judge or jury. When an accused person pleads guilty it is not necessary that he should formally waive the delay of twenty-four hours, and ask for the imposition of sentence at once, in order to allow the judge to pronounce the sentence before the expiration of the twenty-four hours. It suffices if the prisoner does not ask for a delay when the judge asks him if he has any reason to urge why the sentence should not be- pronounced. * * *” The Chicóla case was cited with approval in State v. Hagen, 217 La. 833, 47 So.2d 557 and State v. Woods, 220 La. 162, 55 So.2d 902.
In the present proceeding the record discloses that the defendants, after having pleaded guilty, were asked by the judge if they were ready for sentence. The judge even suggested that “they didn’t have to be sentenced at that time.” They sought no delay. • In fact they requested immediate sentencing. Under these circumstances the 24 hour requirement under consideration was not violated.
We conclude, therefore, that the trial judge committed no error in his rulings on the defense motions urged here. And this conclusion renders moot the questions raised in the above mentioned habeas corpus proceedings (Nos. 42,674 and 42,675 on the docket of this court), thereby making a consideration of 'them unnecessary.
For the reasons assigned the judgments appealed from are affirmed. - ■