184 So.2d 548

**STATE of Louisiana**

**v.**

**Joyce MATLOCK.**

**Nos. 47999–48001.**

March 28, 1966.

Salvador Anzelmo, Anthony C. D'Antonio, New Orleans, for defendant-appellant.

Jack P. F. Gremillion, Atty. Gen., William P. Schuler, Asst. Atty. Gen., Bertrand DeBlanc, Dist. Atty., J. Nolan Sandoz, Asst. Dist. Atty., for appellee.

SANDERS, Justice.

In separate Bills of Information, filed on September 9, 1965, the State charged Joyce Matlock with three offenses: illegal possession of narcotic drugs, simple burglary, and illegal possession of a barbiturate.

On September 27, 1965, at arraignment, defendant pleaded guilty to each charge. The court deferred sentence until September 29, 1965. On that date, the court sentenced defendant to concurrent eight and five year terms in the pentititentiary for illegal possession of narcotic drugs and simple burglary. For illegal possession of a barbiturate, the court imposed a sentence of one year in the parish jail.

On September 30, 1965, through counsel, defendant moved for a new trial, alleging mainly: the court sentenced defendant prematurely, defendant was deprived of representation by counsel at her arraignment, and defendant was incapable of understanding the nature and consequences of her guilty plea. The motion was submitted without introduction of evidence. The court overruled the motion on the ground it came too late after sentence.

Defendant reserved a Bill of Exception to this ruling and has appealed to this Court, relying upon the Bill.

■ The motion for a new trial was filed after sentence. Hence, it was not timely. LSA–R.S. 15:505; State v. Smith, 231 La. 649, 92 So.2d 569; State v. Washington, 230 La. 181, 88 So.2d 19; State v. Seiley, et al., 197 La. 405, 1 So.2d 675.

LSA–R.S. 15:505 provides:

"Every defendant has the right to move for a new trial at any time after verdict, but such motion must be filed and disposed of before sentence."

To avoid the time-limit applicable to a motion for a new trial, defendant argues, in effect, the motion may be treated as one to withdraw the plea of guilty. As authority to withdraw the plea, she relies upon LSA–R.S. 15:266.1, which provides:

"Where a plea of guilty in felony charges is entered by any judge of the district courts within forty-eight hours after the arrest and incarceration or after placing the accused party under bond, or if a sentence has been imposed after a plea of guilty has been entered, the plea or sentence imposed shall be set aside and revoked upon motion filed by accused or his attorney in the court where the plea was entered, within thirty days after the entering of the plea or the imposition of sentence thereon."

 Assuming *arguendo* the motion for a new trial may be treated as one to withdraw the plea of guilty, we find the foregoing statute inapplicable. In the present case, at least seventeen days elapsed between arrest and the plea. The statute applies only when a plea is entered "within forty-eight hours after the arrest and incarceration or after placing the accused party under bond." State v. Monix, 229 La. 142, 85 So.2d 243; State v. Russell, 229 La. 150, 85 So.2d 245. Moreover, we find no abuse of discretion on the part of the trial judge insofar as his ruling may disallow the withdrawal of the guilty plea. LSA–R.S. 15:266. The minutes of the court and the *Per Curiam* of the trial judge reflect that the judge interrogated the defendant as to her understanding of the proceedings and explained to her the right to assistance of counsel. Being satisfied that she understood the proceedings and that her refusal of counsel was intelligently made, he permitted her to enter a plea. These recitals are uncontroverted. Nor has the defendant shown any cogent reason for withdrawing her plea. We cannot allow a defendant to test the sentence by a guilty plea and then withdraw the plea merely because of dissatisfaction with the sentence.

 Defendant's complaint that the court sentenced her prematurely is unfounded. When a defendant pleads guilty, the sentence may be imposed immediately.

LSA–R.S. 15:521; State v. Monix, 229 La. 142, 85 So.2d 243; State ex rel. Chicola v. General Manager of Louisiana State Penitentiary, 188 La. 694, 177 So. 804. See also State v. Woods, 220 La. 162, 55 So.2d 902. Although the trial judge was not required to do so, he deferred sentence for about 48 hours after defendant's guilty plea.

For the reasons assigned, the conviction and sentence are affirmed.