FOURNET, Justice.
 

 Relator, who was convicted of the offense of cattle stealing, filed an application for a writ of certiorari to review the • actions of the district attorney and the trial judge in failing and refusing to act upon twenty-five bills of exception submitted to them for their approval, and for a writ of mandamus to compel the district attorney to approve and the trial judge.to sign the -twenty-five bills of exception, or to state their reasons for refusing to do so. We issued a rule nisi, and the respondents pleaded that the accused was not entitled to the relief sought for the following reasons: (1) That the accused filed his motion for a new trial after sentence had been imposed; (2) that he did not file a motion for an appeal within ten judicial days after he was sentenced; and that the trial judge was not required to consider and sign the bills of exception unless such a motion had been filed and was pending.
 

 “Every defendant has the right to move for a new trial at any time after verdict,
 
 *177
 
 but such1 motion must be filed and disposed of before sentence” (article 505, Code Cr. Proc.), and under the express provisions of article 559 of the Code, “no new trial can be granted on appeal unless a motion for same has been made and refused in the lower court.”
 

 The minutes of the court in the case at bar show that the jury brought in its verdict at 7 p.m., on October 22, 1936, and the court, immediately after the jury was polled and discharged, sentenced relator to serve not less than one year nor more than three years in the state penitentiary, and subsequently, upon motion of counsel for relator, he was given additional time within which to file a motion for a new trial and the accused was released on bond.
 

 Counsel for relator sought to establish by a motion to correct the minutes of the court that he made a motion for additional time within which to file a motion for a new trial and that, in the meantime, the accused be released on bond, immediately after the polling of the jury and prior to sentence, and that the motion was granted by the trial judge. On the trial of the motion to correct the minutes, the trial judge testified denying that the motion for additional time was made prior to the time he sentenced the accused. He stated the facts on this point to be as follows:
 

 “After the jury was polled, Mr. Leppert approached me and asked whether I would release the accused on bond, and I asked Mr. Leppert, ‘Are you going to file a motion for a new trial?’ He said, T am’ or T think so,’ and I said, ‘How much time ' do you request ?’ or ‘How much time will you request?’ He said, ‘About three days.’ That was said in a very low tone; no one but Mr. Leppert or any one standing right near either one of us would have been able to hear.
 

 “On returning to the desk, before Mr. Leppert made any statement to the Court, Mr. Perez, the District Attorney, then said: T ask that the accused be sentenced.’ I waited, and then Mr. Mistich was told to stand up, and I then asked, ‘Have you anything to say before the Court passes sentence on you?’ and Mr. Leppert then said to him, ‘You have nothing to say’ or ‘You don’t say anything.’ I then sentenced Steve Mistich to serve not less than one year and not more than three years.”
 

 “The rule is that, where there is a conflict between the statement of defendant’s counsel and that of the trial judge, the latter’s statement of facts will be accepted in the absence of proof that the judge was in error.” State v. Bourgeois, 158 La. 713, 719, 104 So. 627, 629. But we do not think it is material in this case whether or not the respondent judge was in error, because he was without right or authority to sentence relator before twenty-four hours had elapsed from the time of his conviction, “unless the accused waive the delay and ask for the imposition of sentence at once.” Code Cr.Proc. art. 521. There is nothing in the record to show that relator
 
 asked
 
 that sentence be immediately imposed on him. On the contrary, we think it is perfectly evident from the record as it is made up that it
 
 *179
 
 was never his intention to waive any of his rights that would deprive him of filing a motion for a new trial or an appeal. The fact that he did not formally object, when asked by the court if he had anything to say before imposing sentence on him, did not have the effect of waiving the delay within the meaning ánd contemplation of the article. The requirement that an accused cannot be sentenced until twenty-four hours has elapsed after conviction is a part of the procedure in criminal prosecutions, just as, in civil matters, two clear days must elapse between the default and the judgment confirming it.
 

 We conclude that the sentence imposed by the respondent judge in the case at bar was premature and therefore void.
 

 Having reached the conclusion that the sentence in this case was illegally imposed and, according to the testimony of the respondent judge, relator having been granted until Monday, October 26th, within which to file a motion for a new trial, and it appearing that the motion was filed within that time, relator has ten judicial days from the date of the disposition of that motion, or from the day sentence may be imposed on relator, within which to appeal. Articles 541, 542, Code Cr.Proc.
 

 But it is the contention of respondents that relator' has forfeited his right to appeal because he simply filed bills of exception disconnected with any motion for an appeal and that the time within which an appeal might be filed has elapsed.
 

 It is provided in the Code of Criminal Procedure, .article 541, that “a. case is finally disposed of by any judgment * * * that * * * refuses to grant a new' trial, * * * or that imposes sentence,” and under article 542, that relator may appeal “within ten judicial days after the rendition of the judgment complained of; provided, that if before the expiration of the last day upon which an order of appeal can be entered the Judge has not acted on the bills of exception tendered him,
 
 the accused shall be granted an additional delay to appeal of one day for every day after the tenth day the Judge fails to act finally upon the bills of exception tendered him for
 
 signature." (Italics ours.)
 

 The record shows that the motion for a new trial was denied on October 28, 1936, and that counsel for defendant filed two of his bills of exception on Tuesday, November 3d, and on November 7, 1936, filed the remaining twenty-three bills of exception. By simple calculation it may be clearly seen that all the bills were filed within ten judicial days after the refusal to grant relator a new trial. The record also shows that respondent judge has failed to act upon any of the bills of exception tendered him for his signature. The relator’s right to appeal is therefore ipso facto extended upon the expiration of the tenth judicial day, an additional day for each day the trial judge fails to act upon the bills of exception.
 

 We have found no law, and none has been, cited by counsel, requiring that the district attorney approve or disapprove bills of exception before they be tendered to the trial judge, for his signature, but
 
 *181
 
 we think that, “when practicable, the prosecuting officer should he afforded an opportunity to examine the bills presented on behalf of the defense, before they a-re signed by the judge.” State v. Burkhalter, 118 La. 657, 43 So. 268; State v. Johnson, 107 La. 546, 32 So. 74; State v. Laborde, 48 La.Ann. 1491, 1492, 21 So. 87. See, also, State v. Farris, 147 La. 663, 85 So. 631.
 

 For the reasons assigned the rule nisi is made absolute, the writs are perpetuated, and it is ordered that the trial judge either sign the twenty-five bills of exception or state his reasons for refusing to do so within a reasonable time, not to exceed twenty judicial days after this judgment has become final.