**55 So.2d 902**

**STATE v. WOODS.**
No. 40463.
Dec. 10, 1951.

Robert B. Guerriero, Monroe, for appellant.

Bolivar E. Kemp, Jr., Atty. Gen., M. E. Culligan, Asst. Atty. Gen., Fred Fudickar, Jr., Dist. Atty., Gilbert T. Brown, Jr., Ass't Dist. Atty., Monroe, for appellee.

HAMITER, Justice.

In the City Court of the City of Monroe the defendant, C. D. Woods, Jr., was tried under an affidavit filed by the State charging him with the crime of obscenity as defined in LSA–RS of 1950, 14:106, Louisiana Criminal Code, Article 106. Upon completion of the trial the judge found him guilty and immediately imposed sentence. He was condemned to pay a fine of $500, plus costs, and to serve a jail sentence of one year. An additional jail sentence of six months was ordered in default of payment of the fine.

Seven days after the imposition of sentence defendant tendered a motion for a new trial, setting forth therein that the court had erred in not permitting him to use a map of the scene of the alleged crime for the purpose of explaining the testimony of some of his witnesses. The State objected to the filing of the motion as coming too late, sentence theretofore having been imposed. The court sustained the objection.

On the same date the defendant requested and was granted this appeal, and he posted the bond required for his release from custody.

Subsequent to the granting of the appeal the judge signed a formal bill of exceptions showing that the defendant had excepted to the rulings which excluded the map and disallowed the filing of the motion for a new trial.

▮ On this bill of exceptions (it is the only one in the record) defendant seeks a reversal of his conviction and sentence and the obtaining of a new trial. The bill cannot be considered, however, for the reason that it was not timely perfected. The signature of the trial judge was not affixed thereto before the appeal was granted. State v. Young, 153 La. 605, 96 So. 275; State v. Carlson, 192 La. 501, 188 So. 155; State v. Calvin, 209 La. 257, 24 So.2d 467; State v. Borde, 209 La. 905, 25 So.2d 736; State v. Owens, 210 La. 808, 28 So.2d 337; State v. McLean, 211 La. 413, 30 So.2d 187; State v. Roy, 217 La. 1074, 47 So.2d 915.

▮ Nevertheless, the ruling which disallowed the filing of the motion for a new trial (because the motion was offered after the imposition of sentence) appears erroneous on the face of the record. And this being true, even in the absence of a formal bill of exceptions, we can take notice of that error. State v. Layton, 180 La. 1029, 158 So. 375; State v. Lewis, 183 La. 824, 165 So. 1; State v. Calvin, 209 La. 257, 24 So.2d 467; State v. Gordon, 214 La. 822, 38 So.2d 794.

▮ "Every defendant has the right to move for a new trial at any time after verdict, but such motion must be filed and disposed of before sentence." LSA–R.S. of 1950, 15:505, Code of Criminal Pro-

cedure, Article 505. "In all criminal cases at least twenty-four (24) hours shall elapse between conviction and sentence, unless the accused waive the delay and ask for the imposition of sentence at once * *." LSA–R.S. of 1950, 15:521, Code of Criminal Procedure, Article 521. The latter provision is for the purpose of affording to a convicted accused the opportunity to file prior to sentence the pleadings authorized by law, including the motion for a new trial. State v. George, 218 La. 18, 48 So.2d 265. And the word "conviction" as used therein means a conviction in consequence of a trial by a judge or jury. State ex rel. Chicola v. General Manager of Louisiana State Penitentiary, 188 La. 694, 177 So. 804.

█ The minutes of the trial and of other proceedings respecting this defendant, which are deemed a part of the record, show that the mentioned delay of at least 24 hours did not elapse, he having been sentenced on the day of his conviction. They also disclose, it is true, that he offered no objection when being sentenced. But, as was said in State v. Mistich, 186 La. 174, 171 So. 841, a defendant's failure to formally object does not have the effect of waiving the delay within the meaning and contemplation of the statutory provision.

█ For the waiver to result, as we appreciate such provision, the accused must either request the imposition of sentence at once or make some declaration otherwise indicating an intention to waive the delay. Such an intention was indicated in State v. Martin, 199 La. 39, 5 So.2d 377 when the accused, on being informed by the judge that she was entitled to the delay of 24 hours, declared that she was ready for immediate sentence.

We are satisfied that this defendant made no request or declaration sufficient to effect a waiver, for the minutes would have shown it if he had.

█ The required 24 hours between the conviction and sentence of the present accused not having elapsed, and there having been no waiver of the delay, the sentence imposed on him was premature and therefore void. State v. Mistich and State v. George, both supra. And it follows that his motion for a new trial was timely offered and its filing should have been permitted.

For the reasons assigned the sentence of this defendant is set aside, and the cause is remanded to the trial court for the purpose of affording him the opportunity of renewing his motion for a new trial and for further proceedings according to law.