HAMITER, Justice.
 

 The instant two cases were brought here under our supervisory powers following the district court’s refusal to make peremptory alternative writs of habeas corpus granted on the petition of relator, B. Elton Cox. Those writs were sought on the ground that relator’s sentences, pronounced immediately after his convictions, were illegal in that the court imposed them contrary to LRS 15:521 which recites: “In all criminal cases at least twenty-four hours shall elapse between conviction and sentence, unless the accused waive the delay and ask for the imposition of sentence at once; * *
 

 Initially, relator was charged in separate bills of information (docketed under Numbers 42,200, 42,201 and 42,202) for violating LRS 14:100.1, 14:401, and 14:103.1. On January 31, 1962 he was adjudged guilty on all three charges. Immediately thereafter (on the same day), to quote from the court minutes, the following occurred: “At this time counsel for the accused gave notice in open court to the Court and to the District Attorney of his intention to apply to the Honorable the Supreme Court of the State of Louisiana for writs of certiorari, prohibition and mandamus in Nos. 42,200 and 42,202, and made a motion for an order of appeal returnable to the Honorable the Supreme Court of the State of Louisiana in No. 42,201, at which time the District Attorney suggested that the re
 
 *267
 
 quest was premature.
 
 Counsel for the' accused then stated to the Court that he would reiterate his motions immediately .after sentence was passed.
 

 '“Whereupon, the Court sentenced the -accused as follows : [Here is a recitation of the sentences given in the three cases.] ■Counsel for the accused excepted to the ■verdict and sentence of the Court and reserved a formal bill of exception * * *•
 

 “Counsel for the accused then gave notice in open court to the Court and to the District Attorney of his intention to apply to the Honorable the Supreme Court of the State of Louisiana for writs of certiorari, prohibition and mandamus in Nos. 42,200 and 42,202.
 

 “On motion of counsel for the accused, an order of appeal was entered herein in No. 42,201 returnable to the Honorable the Supreme Court of the State of Louisiana, on Friday, March 30, 1962.” (Italics and brackets ours.)
 

 On February S, 1962, at which time relator was complaining about his not having been granted the statutory twenty-four hours’ delay before sentencing, the court set a return date respecting the proposed applications for remedial writs. It also denied relator’s request to file motions for a new trial.
 

 ■On February 21, 1962, the last day designated for the filing of such applications here, relator’s counsel stated to ' the court that he had abandoned his intention of so applying and desired to proceed by habeas corpus. (The appeal requested and ordered in case Number 42,201 was perfected. Although now pending in this court, it is not presently before us for our consideration.)
 

 On February 23, 1962 the habeas corpus proceedings, instituted two days before, came on for hearing. Following the introduction of evidence the court recalled and set aside the previously issued alternative writs.
 

 Later, under our supervisory powers as stated above, we ordered the habeas corpus proceedings involving Numbers 42,200 and 42,202 brought here for consideration (the cases are Numbered 46,079 and 46,078, respectively, on our docket).
 

 In its brief to this court the state concedes that a failure to observe the twenty-four hours’ delay provided for in LRS IS :521 renders a sentence illegal, unless the defendant has waived his right thereto. Moreover, it admits that the sentences in the instant cases were imposed immediately after the convictions.
 

 The position of the district attorney herein is that the conduct of defense counsel, as shown by the court minutes quoted above, amounted to a waiver of the delay and to a request by the accused for immediate sentencing. In support of that position he
 
 *269
 
 cites State v. Woods, 220 La. 162, 55 So. 2d 902 in which we observed that the delay-need not be expressly waived; that a waiver would result when an accused, or his counsel, makes some declaration indicative of an intention to waive.
 

 We find nothing having been said by either the accused or his counsel in the instant matters indicating an intention .to waive the statutory delay in question. The mere failure of counsel to object to the immediate sentencing did not constitute a waiver. See State v. Mistich, 186 La. 174, 171 So. 841 and State v. Woods, supra. Actually, it appears that none of the parties involved, including the district attorney and judge, gave any thought to the requirement contained in LRS 15:521.
 

 The statement of defense counsel (heavily relied on by the district attorney) “that he would reiterate his motions immediately ' after sentence was passed” did not, in our opinion, indicate an intentional waiver of the delay. It was simply a declaration that the accused would seek relief from the Convictions following the imposition of
 
 legal
 
 sentences.
 

 The state has filed a motion here-requesting a recall of the writs issued by us. in Number 46,079 (Number 42,200 of the-docket of the district court), it showing-that the penalty imposed in that case (a. fine of $500) was sufficient to give this: court appellate jurisdiction. The motion is without merit. The writs issued in con-' nection with relator’s complaint respecting the judge’s ruling in the habeas corpus proceedings—a ruling that is reviewable only under our supervisory powers. See State ex rel. Womack v. Walker, 236 La. 129, 107 So.2d 417 and State ex rel. McIsaac v. Sigler, 236 La. 773, 109 So.2d 89.
 

 For the reasons assigned the writs heretofore issued by us are made peremptory-; the sentences imposed in cases Numbers-42,200 and 42,202 of the docket of the district court are annulled and set aside; relator is ordered released on bail, already fixed in accordance with our previous orders, until such time as legal sentences are imposed on him; and, meanwhile, he is to be afforded the opportunity to take any procedural steps to which he is entitled during the delay provided by LRS 15 :521.