148 So.2d 600

STATE of Louisiana

v.

B. Elton COX.

No. 46192.

Jan. 14, 1963.

Robert F. Collins, Nils R. Douglas, Lolis E. Elie, New Orleans, Murphy W. Bell, Baton Rouge, Carl Rachlin, for defendant-appellant.

Jack P. F. Gremillion, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., Sargent Pitcher, Jr., Dist. Atty., John F. Ward, Jr., Asst. Dist. Atty., Alex W. Wall, Asst. Dist. Atty., for appellee.

SUMMERS, Justice.

Defendant, B. Elton Cox, was charged by bill of information with the violation of LSA–R.S. 14:401 relating to obstructing justice. This crime is punishable by a

fine of not more than five thousand dollars or imprisonment of not more than one year or both.

Upon trial the accused was adjudged guilty. Thereupon the minutes of court disclose that counsel for the accused moved for an order of appeal returnable to this court. The district attorney having suggested that the motion was premature, "counsel for the accused then stated to the court he would reiterate his motion immediately after sentence was passed" and, in effect, withdrew his motion for appeal.

The court then sentenced the accused "to pay a fine of $5,000 and to be confined in the parish jail for one year or in default of the payment of said fine to be imprisoned one year additional * * *"

■ Counsel for the accused "excepted" to the verdict and sentence of the court and reserved a formal bill of exceptions. Thereafter, on motion of counsel for accused an order of appeal was granted returnable to this court. This court has jurisdiction of this appeal by virtue of Article VII, Section 10, Paragraph 7, of the LSA–Constitution.

The sole question presented by this appeal is whether the sentence, pronounced immediately after the verdict, was illegal in that it was imposed contrary to LSA–R.S. 15:521, which recites: "In all criminal cases at least twenty-four hours shall elapse

between conviction and sentence, unless the accused waive the delay and ask for the imposition of sentence at once; * * *."

The State's position, we assume,[1] is the same which it advocated in State v. Clemmons, 243 La. 264, 142 So.2d 794 (1962). There it was contended that when defense counsel stated to the court that he would reiterate his motion for appeal after sentencing, a waiver of the twenty-four hour delay to which he was entitled occurred, the State asserting by argument this statement evidenced a request by the accused for immediate sentencing. In support of that position, the case of State v. Woods, 220 La. 162, 55 So.2d 902 (1951), was cited as authority. In the case of State v. Woods it was recognized that the delay contemplated by LSA–R.S. 15:521 need not be expressly waived; that a waiver would result when an accused, or his counsel, makes some declaration indicative of an intention to waive.

■■ In disposing of the State's contention in the case of State v. Clemmons, supra, which was identical to that here advanced, and growing out of the same proceedings, we found nothing in the statement of counsel or accused indicating an intention to waive the delay provided for by LSA–R.S. 15:521. The decision in the case of State v. Clemmons is determinative of the issue here. The sentence im-

1. No brief has been filed on behalf of the State.

posed herein as reflected by the minutes of these proceedings was imposed immediately after the verdict and without allowing a twenty-four hour delay. It was therefore imposed contrary to the provisions of LSA–R.S. 15:521. This constitutes an error patent on the face of the record. LSA–R.S. 15:503. State v. Pitcher, 236 La. 1, 106 So.2d 695 (1958).

For the reasons assigned the sentence is annulled and set aside; relator is ordered released on bail until such time as legal sentence is imposed on him; and, meanwhile, he is to be afforded the opportunity to take any procedural steps to which he is entitled during the delay provided by LSA–R.S. 15:521.