HAMITER, Justice.
Bobby Scott, the defendant herein, was charged in the City Court of Bossier City with having committed aggravated assault (upon the person of Ezikel Colquitt) with a dangerous weapon, namely, a knife, in violation of LRS 14:37. When arraigned on October 14, 1965 he pleaded not guilty.
On November 18, 1965 the accused was tried, found guilty as charged, and immediately (on the same day) sentenced to serve one year in the parish jail.
This appeal was taken from the conviction and sentence.
No bills of exceptions were perfected. Moreover, the defendant did not appear in this court, through brief or by counsel or personally, when the case was called for argument.
Initially, counsel for the prosecution, in their brief filed here, urged that under the circumstances we should affirm the conviction and sentence. At this time we cannot reverse the conviction, for the record discloses no error with respect thereto and, *23 as aforeshown, no bills of exceptions were perfected.
But the record, specifically the court minutes, does reveal that the sentence was imposed on defendant without his having been granted a twenty-four hour delay following conviction, as is required by LRS 15 :521; and such minutes contain no recitations from which it might be concluded that the delay was waived by him.
In a supplemental brief, filed at the request of this court, prosecution counsel concede the well settled jurisprudence to be that in the absence of a showing of some affirmative action by the defendant indicating the waiver of the provisions of LRS 15:521 a sentence imposed within the twenty-four hour period is illegal and void; and that such.defect is one of which this court must take notice, even though the defendant did not object to sentencing at the time. State v. Mistich, 186 La. 174, 171 So. 841, State v. Woods, 220 La. 162, 55 So.2d 902, State ex rel. Cox v. Clemmons, 243 La. 264, 142 So.2d 794, and State v. Cox, 243 La. 917, 148 So.2d 600.
Nevertheless, such counsel suggest in the supplemental brief that the case of State v. George, 218 La. 18, 48 So.2d 265, “might be taken for the proposition that, in addition to violation of the twenty-four hour’s delay rule, the defendant must show some prejudice in order for the sentence to be set aside”, conformably with the provisions of LRS 15:557. This statute, insofar as pertinent, provides: “No judgment shall be set aside, or a new trial granted by any appellate court of this state, in any criminal case, * * * as to error of any matter of pleading or procedure, unless in the opinion of the court to which application is made, after an examination of the entire record, it appears that the error complained of has probably resulted in a miscarriage of justice, is prejudicial to the substantial rights of the accused, or constitutes a substantial violation of a constitutional or statutory right.”
Under LRS 15:505 every defendant may seek a new trial after conviction if his motion therefor is filed and disposed of before sentence. But the imposing of sentence immediately following the conviction, as was done in this case, deprives him of that substantial and important statutory right to apply for a new trial.
In State v. George, supra, we noted that one of the purposes of the prescribed twenty-four hour delay was to afford to defendant an opportunity for filing appropriate pleadings. However, therein we observed that, although the sentence involved was imposed before the lapse of twenty-four hours after the conviction, the trial judge granted to the defendant "additional time for the filing of further pleadings, and several other pleadings were filed, among these being a motion in arrest of judgment, etc., all *25 of zvhich zvere considered by the trial judge and overruled.” Unlike the record in the George case, that which is presently before us does not disclose that this accused was allowed any time (following a contested trial and his conviction) in which to file the pleadings otherwise available to him. (Underscoring ours)
For the reasons assigned the sentence of this defendant is annulled and set aside, and the cause is remanded for a legal sentencing consistent with the views herein expressed. He, meanwhile, is to be afforded the opportunity of taking any procedural steps available to him during the delay provided by LRS IS :521.