GRISBAUM, Judge.
Calvin James was convicted of theft of goods valued at $400 (La.R.S. 14:67.10) by a six-person jury. He was then sentenced to two years at hard labor.
In brief, we are called upon to review the record for error patent and find that the only issue is whether the defendant expressly waived his statutorily mandated three-day delay between conviction and sentence.
Since the single issue presented is primarily a question of law, we will not present the basic record facts leading up to the conviction and sentence.
ANALYSIS
The record shows that after the jury verdict was read, the following colloquy took place between the judge and defense counsel:
THE CLERK:
Twenty[-]Fourth Judicial District Court, Parish of Jefferson, Case Number 87-3442, State of Louisiana versus Calvin E. James.
We, the jury, find the defendant, Calvin E. James, guilty as charged.
Signed, Foreperson, Jan Reeks, December 8, 1987.
THE COURT:
Any motions?
MR. BIZAL:
Not at this time, your Honor.
THE COURT:
All right, at this time, I would ask the jury to return to the jury room.
Is the defendant ready to be sentenced, Mr. Bizal?
MR. BIZAL:
Yes. He is ready.
(The jury is sequestered at this time.)
THE COURT:
Before I impose sentencing, are there any motions at this time?
MR. BIZAL:
Your Honor, at this time I am sure I can file a motion for appeal.
THE COURT:
I will note your intent.
MR. BIZAL:
*505 Yes.
The judge then sentenced the defendant to the statutory maximum of two years at hard labor, describing defendant as “a menace to society.”
La.C.Cr.P. art. 873 states:
If a defendant is convicted of a felony, at least three days shall elapse between conviction and sentence. If a motion for a new trial, or in arrest of judgment, is filed, sentence shall not be imposed until at least twenty-four hours after the motion is overruled. If the defendant expressly waives a delay provided for in this article or pleads guilty, sentence may be imposed immediately.
The well-settled jurisprudence regarding this issue was summed up by the Louisiana Supreme Court in State v. Scott, 249 La. 20, 184 So.2d 542 (1966), when it stated:
[I]n the absence of a showing of some affirmative action by the defendant indicating the waiver of the provisions of LRS 15:521 [predecessor to C.Cr.P. art. 873], a sentence imposed within the twenty-four hour period [three-day period under C.Cr.P. art. 873] is illegal and void[,] and ... such [a] defect is one of which this court must take notice, even though the defendant did not object to sentencing at the time.
Scott, supra 184 So.2d at 543, citing State v. Mistich, 186 La. 174, 171 So. 841 (1937). See also State v. Woods, 220 La. 162, 55 So.2d 902 (1951); State ex rel. Cox v. Clemmons, 243 La. 264, 142 So.2d 794 (1962), and State v. Cox, 243 La. 917, 148 So.2d 600 (1963).
Of more recent vintage, the Louisiana Supreme Court, in State v. O’Neal, 328 So.2d 100, 104 (La.1976), stated, “The record clearly reveals that the trial court inquired whether defendant was prepared for sentencing and counsel responded in the affirmative. Thus, by the terms of the statute, any right to a delay was waived.”
From the colloquy between the trial court and the defense counsel, we find it beyond quibble that the trial court inquired whether the defendant was prepared for sentencing, and defense counsel responded in the affirmative. Therefore, by the very terms of the statute, the delay was waived.
For the reasons assigned, the conviction and sentence are affirmed.
AFFIRMED.