555 So.2d 1331 (1990)
STATE of Louisiana
v.
Kenneth John AUGUSTINE.
No. 88-KA-1297.
Supreme Court of Louisiana.
February 5, 1990.
William J. Guste, Jr., Atty. Gen., Harry F. Connick, Dist. Atty., Jack Peebles, Kathleen Garvey, Asst. Dist. Attys., Craig Colwart, Orleans Indigent Defender Program, for plaintiff-appellee.
Dwight Doskey, Orleans Indigent Defender Program, for defendant-appellant.
CALOGERO, Justice.
We review here for the second time on appeal a 1971 armed robbery conviction and a forty year sentence of this defendant, Kenneth John Augustine.[1] The reasons for the unusual delay in our review on appeal of the defendant's conviction and reimposed sentence are explained below. We now affirm the conviction, but remand again for resentencing.
The defendant first appealed this matter in 1972. This Court vacated that sentence without addressing any of the four assignments of error that Augustine had urged on appeal. We found that the trial court had violated La.C.Cr.P. art. 873 by imposing the sentence without there having elapsed "at least three days ... between conviction and sentence," and without an express waiver of the delay in a case in which the defendant had not pled guilty. State v. Augustine, 263 La. 977, 270 So.2d 118 (1972).
On the date set for resentencing, December 8, 1972, the defendant filed a motion for new trial in the district court, arguing that the verdict was contrary to the law and evidence and that "the bills of exception reserved during the proceedings show prejudicial error." The district court judge denied the motion on December 8, 1972, and immediately resentenced defendant to the same forty year term that he had imposed previously, this time without respecting the requirement of the 24-hour delay *1332 mandated by the same C.Cr.P. art. 873.[2] Augustine had not waived the delay.
Defendant again appealed, but then filed a motion in this Court to dismiss that appeal on February 9, 1973. This Court denied that request because counsel for the state had not signed the motion.
After a long period of inaction regarding the appeal, the record in the case was lodged in this Court in May 1988, spurred by this Court's language in denying an application for post-conviction relief filed in this Court by Augustine on September 15, 1986.[3] Two assignments of error were then filed (different from the four bills of exception filed in the 1972 appeal which had been terminated simply by vacation of sentence and remand) in which the defendant argued that the trial court erred in sentencing him (on December 8, 1972) immediately after denying his motion for a new trial without observing the 24-hour delay required by art. 873. He also argued that the trial court erred in imposing an unconstitutionally excessive sentence.
Subsequently, on December 13, 1989, defendant filed a new assignment of error in this Court, stating that the trial court had erred in denying the motion for a new trial, and requesting that this Court review the entire record and the evidence.[4]
Defendant argues that a forty year prison term is constitutionally excessive for an 18-year old first offender guilty of an armed robbery committed with a racing starter's pistol. While the argument is not frivolous, we conclude that the sentence is not unconstitutionally excessive. Similar sentences have been imposed for other first offenders convicted of the same offense. See State v. Walker, 449 So.2d 474 (La. 1984); State v. Dunns, 441 So.2d 745 (La. 1983); State v. Huntsberry, 439 So.2d 432 (La.1983). And, forty years is substantially less than the statutory maximum sentence of ninety-nine years. La.R.S. 14:64.
Augustine next contends that the district court erred in denying his motion for new trial, arguing that the verdict is contrary to the law and evidence because "the State failed to present sufficient evidence to sustain a conviction beyond a reasonable doubt." Specifically, he maintains that the identification made by the victim of the armed robbery, Ronald Navarre, was unreliable. Therefore, he alleges that there was insufficient evidence to find him guilty beyond a reasonable doubt.
The due process clause of the 14th Amendment and of the Constitution of this State (La. Const. art. I, § 2) requires a review of the evidence upon which a criminal conviction is based to determine whether the evidence is minimally sufficient to support a conviction. State v. Trosclair, 443 So.2d 1098 (La.1984), cert. denied, 468 U.S. 1205, 104 S.Ct. 3593, 82 L.Ed.2d 889 (1984); State v. Graham, 422 So.2d 123 (La.1982), cert. denied, 461 U.S. 950, 103 S.Ct. 2419, 77 L.Ed.2d 1309 (1983). The United States Supreme Court, in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), enunciated the standard of review used to determine the sufficiency of the evidence. See also State v. Mussall, 523 So.2d 1305 (La.1988); State v. Jacobs, 504 So.2d 817 (La.1987); State v. Trosclair, supra. Under this standard, the reviewing court must determine "whether, after viewing the evidence in the light most favorable *1333 to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson, 443 U.S. at 319, 99 S.Ct. at 2789, 61 L.Ed.2d at 573.
A review of the record reveals that the jury was presented with Navarre's testimony identifying Augustine, and with testimony by a police officer that he saw a bullet wound on Augustine's wrist. The officer's testimony coincided with that of Navarre who had testified that he shot Augustine in the arm as he was fleeing Navarre's cab. While Navarre did give testimony seemingly at variance with his testimony in the trial of Alvin Morrow, the other perpetrator of the robbery, the jury here heard the impeaching testimony as well as Navarre's explanation of the inconsistencies, and chose to believe the victim. "[I]t is not our function to assess credibility or reweigh the evidence. Our review for minimal constitutional sufficiency of evidence is a limited one which ends upon our finding that the rational trier-reasonable doubt standard has been satisfied." Trosclair, 443 So.2d at 1107.
It is appropriate to note the distinction between this case and that of Mussall, supra. Mussall was an unusual case that nonetheless applied the Jackson v. Virginia standard. There we held that a reviewing court may not disregard its duty to consider whether the evidence is constitutionally sufficient simply because the record contains testimony that tends to support each fact necessary to constitute the crime. There we held that the victim's story was so incredible, even reviewed in a light most favorable to the prosecution, that the decision to convict was not rational, and that no rational juror could have found all the essential elements of the crime beyond a reasonable doubt.
That is not the case here. In this case, testimony regarding the identification of Augustine by the victim could well have been believed by the jury. Navarre's testimony that he had shot Augustine in the arm during the robbery was corroborated by testimony of the police officer that there was a bullet wound on Augustine's wrist. Furthermore, the victim persisted in his identification of Augustine notwithstanding the defense effort to impeach him with prior testimony taken in Morrow's trial. A rational juror could indeed have found the defendant guilty beyond a reasonable doubt.
The suggestion by the defendant of a tainted identification, impermissibly suggestive, as to which no objection was made at trial, is a contention that can be made anew in an application for post-conviction relief alleging ineffective assistance of counsel.[5] La.C.Cr.P. arts. 924 & 924.1; State v. Richards, 426 So.2d 1314 (La. 1983); State v. Marcell, 320 So.2d 195 (La. 1975).
The last issue before us concerns the mandatory delays specified in La.C. Cr.P. art. 873 which must be observed before sentence can be imposed. Art. 873 first provides for a three day delay between conviction of the defendant and sentencing. (The original provision provided for a 24-hour delay. That was amended to three days in the 1966 Code of Criminal Procedure. 1966 La. Acts No. 310, § 1). The second requires a 24-hour delay between the denial of a new trial or judgment for acquittal, and sentencing. These statutorily mandated delays have been respected in a long line of opinions. State v. Mistich, 186 La. 174, 171 So. 841 (1937) called a sentence "premature and therefore void," because the sentence was imposed within the then 24-hour delay required between conviction and sentence. In State v. George, 218 La. 18, 48 So.2d 265 (1950), cert. denied, 340 U.S. 949, 71 S.Ct. 528, 95 L.Ed. 684 (1951), the Court also addressed that same 24-hour delay, and found that "if [defendant] is denied the right to this delay, any sentence so imposed is void."
*1334 More recent decisions of this Court include a per curiam opinion in State v. Hampton, 274 So.2d 383 (La.1973), and a pair of decisions authored by Justice Marcus, State v. Young, 337 So.2d 1196 (La. 1976) and State v. Hutto, 349 So.2d 318 (La.1977). These cases all involved a violation of the delay between denial of a new trial motion and sentencing. In Hutto and Young, the Court found that the sentence was "illegally imposed" when, just as in this case under review, both of those defendants were sentenced within 24 hours after denial of new trial motions, with neither having waived the delay. These are only a few of such decisions by this Court holding that violation of art. 873 requires remand for resentencing.[6]
"Article 873 uses mandatory language in requiring that twenty-four hours elapse between the overruling of a motion for new trial and sentencing when the defendant is convicted of a felony. ... The legislature in effect has said that a failure to comply with article 873 in the absence of an express waiver by the defendant affects substantial rights."
State v. White, 483 So.2d 1005 (La.1986), Dennis, J., dissenting in part.
Only the majority opinion in State v. White, 404 So.2d 1202 (La.1981) can possibly be considered at variance with this rule. But even that case is largely distinguishable from this one. We held in White (over the protest of two dissenting justices) that the statutory mandate of the 24-hour delay was not so imperative as to require a resentencing where the defendant could not show that he suffered prejudice from the violation. State v. White, however, was before us on an errors patent review (no assignments of error urged by the defendant on this issue), and the defendant was not challenging the penalty imposed.
In the case before us, Augustine did not expressly waive the delay as required by art. 873 (nor did he plead guilty); and he does challenge the penalty on this appeal.
Furthermore, there is no assurance that this is a "useless formality for reimposition of sentence," as was the majority's conclusion in White. For all we know, a reimposition might result in a sentence less than 40 years for this man, who was 18 years old at the time of the offense, who robbed his victim with a racing starter's pistol, and who did not have any prior convictions at the time of the offense.
The fact that defendant Augustine has already served 18 of his 40 years before the appeal was reviewed is no reason to deny him the treatment afforded the defendants Hutto, Young, Hampton, Scott, George, Mistich and others (citations to these cases above), who were ordered resentenced shortly after conviction.
The suggestion that the defendant was not harmed because his sentence was in fact not unconstitutionally excessive is not meritorious. Constitutional excessiveness of sentence and illegal imposition of sentence are quite separate and distinct matters. A sentence illegally imposed, even one not constitutionally excessive, is null, and constitutes no valid premise for continued incarceration. Furthermore, the district court (upon resentencing) is not bound by the sentence previously imposed, whereas this Court is bound by a legally imposed sentence which is not unconstitutionally excessive.
There is also the matter of the four bills of exception[7] which defendant Augustine *1335 urged in this Court in 1972 on his first appeal. When we annulled and set aside the first sentence imposed and remanded the case for resentencing, we specifically did not consider the merits of those four bills of exception.
On this appeal, with different counsel for the defendant, those four bills unresolved on first appeal, have not been reurged. Because of that, we could perhaps disregard them. Nonetheless, we have reviewed them and find them to be without merit.
For the foregoing reasons, the defendant's conviction is affirmed, but his sentence vacated and the defendant ordered resentenced.

DECREE
Defendant's conviction of armed robbery is affirmed. His forty year sentence is vacated. The case is remanded to the district court for resentencing.
CONVICTION AFFIRMED; SENTENCE VACATED; CASE REMANDED.
NOTES
[1] The district court judgment was appealed directly to this Court under the 1921 Louisiana Constitution, as amended and in effect at the time of the 1971 conviction.
[2] Art. 873 provides that: "If a defendant is convicted of a felony, at least three days shall elapse between conviction and sentence. If a motion for a new trial, or in arrest of judgment, is filed, sentence shall not be imposed until at least twenty-four hours after the motion is overruled. If the defendant expressly waives a delay provided for in this article or pleads guilty, sentence may be imposed immediately." (Emphasis provided.)
[3] There we held that: "Relator's application for post-conviction relief is denied because his appeal of his sentence is still pending. La.C.Cr.P. art. 942.1. ... The district court is ordered to appoint counsel to represent relator on appeal and to lodge the record in this Court within 120 days." State ex rel Augustine v. Donnelly, 508 So.2d 61 (La.1987).
[4] Defendant filed this supplemental assignment of error in response to this Court's request, dated September 22, 1989, for additional briefing on the "possibly impermissible identification procedures following the victim's in court testimony at the trial of this defendant's alleged co-perpetrator."
[5] The defendant made an identical "post-conviction" contention in this Court in 1986. We denied that application, State ex rel Augustine v. Donnelly, 508 So.2d 61 (La.1987), for the reason that the defendant's appeal had not yet been resolved. We did not then address the merit of this contention.
[6] See also State v. Bell, 377 So.2d 275 (La. 1979); State v. Sheppard, 371 So.2d 1135 (La.1979); State v. Sykes, 364 So.2d 1293 (La.1978); State v. Hopkins, 351 So.2d 474 (La.1977); State v. McDaniel, 340 So.2d 242 (La.1976); State v. Whatley, 320 So.2d 123 (La.1975); State v. Thorson, 302 So.2d 578 (La.1974); State v. Bird, 302 So.2d 589 (La.1974); State v. Navarre, 302 So.2d 273 (La.1974); State v. Woodfox, 291 So.2d 388 (La.1974); State v. Sarrazin, 291 So.2d 393 (La. 1974); State v. Griffin, 288 So.2d 636 (La.1974); State v. Quinn, 288 So.2d 605 (La.1974); State v. Brown, 288 So.2d 339 (La.1974); State v. Lewis, 288 So.2d 324 (La.1974); State v. Williams, 284 So.2d 594 (La.1973); State v. Scott, 249 La. 20, 184 So.2d 542 (1966).
[7] The four bills of exception urged by Augustine in the 1972 appeal are as follows: (1) "[A]t trial the Court allowed over the objection of defendant, a prosecution witness, Detective Raymond Reed, to give a medical opinion when the State failed to qualify him as an expert in the field of medicine. ..." (The detective testified that Augustine had a bullet wound on his wrist.) (2) "[A]t trial the Court overruled the defense objection to the introduction of S-1, a lineup photograph...." (That photograph concerned the physical line-up in which Navarre identified Augustine on March 8, 1971.) (3) "[A]t trial the Court overruled defense objection to the use of the plural `assailants'. ..." (4) "[A]t trial the Court overruled the defense objection to the introduction of S-5, five photographs into evidence...." (The photographs were an incomplete set of photographs shown to Navarre in a photographic line-up.)