STATE OF LOUISIAN A
v.
DONALD PEA.
No. 2006 KA 1540.
Court of Appeal of Louisiana, First Circuit.
February 9, 2007.
NOT DESIGNATED FOR PUBLICATION
SCOTT M. PERRILLOUX, District Attorney, Amite, La., GREG MURPHY, Assistant District Attorney, Livingston, La., MORGAN GRIGGS, Assistant District Attorney, Amite, La., Counsel for Appellee, State of Louisiana.
BERTHA M. HILLMAN, Thibodaux, La., Counsel for Defendant/Appellant, Donald Pea.
BEFORE: CARTER, C.J., WHIPPLE AND MCDONALD, JJ.
CARTER, C.J.
The defendant, Donald Pea, was charged by grand jury indictment with armed robbery, a violation of LSA-R.S. 14:64. A jury found the defendant guilty as charged. The defendant filed motions for new trial and for post verdict judgment of acquittal. Immediately after denying the defendant's motions in open court, the trial court sentenced the defendant to seventy years imprisonment at hard labor without the benefit of parole, probation, or suspension of sentence. The defendant filed a motion to reconsider sentence, which was denied.
The defendant appeals, raising as his sole assignment of error that the trial court erred in denying his motion to reconsider sentence and that the sentence imposed is unconstitutionally excessive. For the following reasons, we affirm the conviction, vacate the sentence, and remand for resentencing.

PATENT ERROR
In reviewing the record for patent error,[1] we have discovered that the trial court did not wait the required twenty-four hours after denial of the defendant's motions for new trial and for post verdict judgment of acquittal before sentencing the defendant, nor did the defendant waive the waiting period. See LSA-C.Cr.P. art. 873. In State v. Augustine, 555 So.2d 1331, 1333-1334 (La. 1990), the Louisiana Supreme Court held that a trial court's failure to observe the twenty-four-hour delay is not harmless error if the defendant challenges his sentence on appeal, regardless of whether the defendant demonstrates that he was prejudiced by the failure to observe the delay. State v. Odom, 03-1772 (La. App. 1 Cir. 4/2/04), 878 So.2d 582, 594-595, writ denied, 04-1105 (La. 10/8/04), 883 So.2d 1026.
The trial court sentenced the defendant immediately after denying his motions for new trial and for post verdict judgment of acquittal. The defendant did not waive the twenty-four-hour delay provided for in LSC.Cr.P. art. 873. The defendant filed a motion to reconsider his sentence within thirty days of imposition of sentence in accordance with LSA-C.Cr.P. art. 881.1 and now appeals his non-mandatory sentence as excessive. For these reasons, we are required to vacate the defendant's sentence and remand the matter for resentencing. We are procedurally barred from considering the defendant's challenge to his sentence. Odom, 878 So.2d at 595.
CONVICTION AFFIRMED; SENTENCE VACATED; REMANDED FOR RESENTENCING.
NOTES
[1] This court routinely reviews the record for patent errorerror discoverable by a mere inspection of the pleadings and proceedings without inspection of the evidence. See LSA-C.Cr.P. art. 920(2).