STATE OF LOUISIANA        *       NO. 2019-KA-0208

VERSUS                   *

                                       COURT OF APPEAL

JONTERRY A. BERNARD      *

                                       FOURTH CIRCUIT

                        *

                                       STATE OF LOUISIANA

               * * * * * * *

APPEAL FROM
CRIMINAL DISTRICT COURT ORLEANS PARISH
NO. 521-734, SECTION "A"
Honorable Laurie A. White, Judge
* * * * * *
**Judge Tiffany G. Chase**
* * * * * *

(Court composed of Judge Roland L. Belsome, Judge Paula A. Brown, Judge Tiffany G. Chase)

**BROWN, J., CONCURS WITH REASONS**

Leon Cannizzaro
Donna Andrieu
Irena Zajickova
DISTRICT ATTORNEY'S OFFICE
ORLEANS PARISH
619 S. White Street
New Orleans, LA 70119

      COUNSEL FOR STATE OF LOUISIANA/APPELLEE

Holli Herrle-Castillo
LOUISIANA APPELLATE PROJECT
P. O. Box 2333
Marrero, LA 70073-2333

      COUNSEL FOR DEFENDANT/APPELLANT

                          **CONVICTION AFFIRMED; SENTENCE VACATED AND REMANDED FOR RESENTENCING**
                          **SEPTEMBER 18, 2019**

Jonterry Bernard (hereinafter "Mr. Bernard") appeals his, two, fifty year consecutive sentences resulting from his conviction of two counts of attempted second degree murder. After consideration of the record before this Court, and the applicable law, we affirm Mr. Bernard's conviction, vacate his sentence and remand the matter for resentencing.

### Facts and Procedural History

On July 8, 2014, cousins Christopher Chambers (hereinafter "Mr. Chambers") and Mark Mitchell (hereinafter "Mr. Mitchell") went to A.L. Davis Park (hereinafter the "Park"), located in the 2600 block of LaSalle Street in New Orleans, LA, to play basketball. While at the park, Mr. Chambers and Mr. Mitchell were involved in a dispute with Gerard Gray[1] over who had "winners" and would play the next basketball game on the court.

After the initial dispute, Mr. Chambers walked across the street to a convenience store. As he walked towards the store, Mr. Chambers walked passed Mr. Bernard. Mr. Chambers testified that he attempted to speak to Mr. Bernard, but that Mr. Bernard did not say anything back to him. Once Mr. Chambers returned to

---

[1] Mr. Bernard was charged along with co-defendant Gerard Gray. The trials were severed and Mr. Gray's conviction was affirmed in a separate appeal. *See State v. Gerard Gray*, 2016-1195 (La.App. 4 Cir. 6/28/17), __So.3d__, *writ denied*, 2017-1306 (La. 6/15/18), 257 So.3d 688.

1

the basketball court, he noticed Mr. Bernard standing on the court. Subsequently thereafter, Mr. Mitchell and Mr. Chambers had another encounter with Gerard Gray regarding who was up next to utilize the basketball court. While interacting with Gerard Gray, Mr. Chambers testified that he "felt" Mr. Bernard standing behind him. Mr. Chambers testified that in an attempt to end the dispute he turned around to shake Mr. Bernard's hand but, Mr. Bernard pulled out a gun and started shooting. Mr. Chambers was shot three times, once in the neck and twice in the chest. While running towards his cousin, Mr. Mitchell was shot twice, once in the leg and once in the chest.

Detective Walter Edmond (hereinafter "Detective Edmond"), the lead investigative detective, responded to the scene of the shooting. Detective Edmond interviewed two witnesses and both victims. Through interviewing the witnesses, Detective Edmond obtained a description of the shooter. Detective Edmond testified that witnesses advised him that the shooter was wearing a red shirt and camo[uflage] pants. Additionally, during his interview, Mr. Chambers advised detectives that he walked past the shooter when he was walking to the convenience store prior to the shooting. From this information, Detective Edmond retrieved surveillance video from the convenience store and observed someone in the clothing described by witnesses in the video. A still photograph of the individual, from the video surveillance, was printed and presented to Mr. Mitchell and Mr. Chambers, at University Medical Center, by Sergeant David Barnes (hereinafter "Sgt. Barnes"). Sgt. Barnes testified that both Mr. Mitchell and Mr. Chambers identified the individual in the photograph as the shooter and identified that person

2

as Mr. Bernard.[2] After the identification by Mr. Mitchell and Mr. Chambers, the still photograph of Mr. Bernard was distributed to the local media. Upon learning of his picture being in the media, Mr. Bernard presented himself to the New Orleans Police Department on July 9, 2014, to answer to the allegations.

Mr. Bernard was interviewed by detectives over the course of several hours in three separate conversations. At the beginning of the first conversation, Mr. Bernard was read his *Miranda*[3] rights. In the second conversation, the detectives proceeded to discuss the shooting incident with Mr. Bernard. During the third conversation, Mr. Bernard admitted that he was the shooter and asserted that he shot in self-defense. The interview concluded with the arrest of Mr. Bernard.

On September 5, 2014, Mr. Bernard was charged by bill of information with two counts of attempted second degree murder, a violation of La. R.S. 14:27 and La. R.S. 14:30.1. A two-day jury trial commenced on October 6, 2015 and the jury returned a ten to two verdict, finding Mr. Bernard guilty of two counts of attempted second degree murder. Mr. Bernard filed a motion for new trial, which was denied by the trial court on December 1, 2015. On the same date, the trial court sentenced Mr. Bernard to fifty-years, on each count, to run consecutively, at hard labor, without the benefit of parole, probation or suspension of sentence. This appeal followed.

### Discussion

Mr. Bernard lists four assignments of error: (1) the trial court erred in allowing the admission of the jail recording; (2) the ten to two jury verdict violates the Sixth Amendment; (3) the trial court erred in imposing an excessive sentence;

---

[2] Both Mr. Mitchell and Mr. Chambers signed the back of the photograph identifying the individual as the shooter.
[3] *See Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

3

and (4) the trial court erred in failing to wait twenty-four hours after denying the motion for new trial to impose the sentence. Additionally, based on a review of the record, the issue listed as Mr. Bernard's fourth assignment of error is also an error patent. Therefore, we will discuss the error patent in conjunction with his fourth assignment of error.

## Admissibility of Jail Recordings

In this assignment of error, Mr. Bernard contends that the trial court erred in admitting two jail recordings because, despite being requested in discovery, the tapes were not turned over to the defense until the second day of trial. Mr. Bernard argues that this late introduction of the recordings violated his right to a fair trial. We review a trial court's evidentiary rulings under an abuse of discretion standard of review. *See State v. Gordon*, 2013-0495, p. 23 (La.App. 4 Cir. 7/16/14), 146 So.3d 758, 772; *State v. Hamdalla*, 2012-1413, p. 10 (La.App. 4 Cir. 10/2/13), 126 So.3d 619, 624; *State v. Mosby*, 595 So.2d 1135, 1139-40 (La. 1992); and *State v. Magee*, 2011-0574, p. 52 (La. 9/28/12), 103 So.3d 285, 321.

While incarcerated, Mr. Bernard made two phone calls from jail. In both phone calls he is heard stating that he shot in "self-defense." On the second day of trial, the State of Louisiana (hereinafter the "State") informed the court of two jail recordings it located the prior evening. The State argued that it intended to use the recordings to dispute the defense's theory that Mr. Bernard was coerced into making a false confession to the police and that he was not the shooter. Counsel for Mr. Bernard advised that they were not provided the jail recordings prior to trial and objected to the admission of the recordings.

La. C.Cr.P. art. 716 provides, in pertinent part:

4

(A)  Upon written motion of the defendant, the court shall order the district attorney to disclose to the defendant, and to permit or authorize the defendant to inspect and copy, photograph or otherwise reproduce any relevant written or recorded confession or statement of any nature, including recorded testimony before a grand jury, or copy thereof, of the defendant in the possession, custody, control, or knowledge of the district attorney.

(B)  Except as provided by Paragraph C of this Article, upon written motion of the defendant, the court shall order the district attorney to inform the defendant of the existence, but not the contents, of any oral confession or statement of any nature made by the defendant or any codefendant which the district attorney intends to offer in its case in chief at the trial, with the information as to when, where, and to whom such oral confession or statement was made.

The purpose of La.C.Cr.P. art. 716 is "to eliminate any unwarranted prejudice that could arise from surprise testimony." *State v. Hartford*, 2014-0643, p. 16 (La.App. 4 Cir. 3/18/15), 162 So.3d 1202, 1211. Failure to comply with this rule constitutes reversible error only when that failure results in prejudice to the defendant. *Id*. "[I]n the event the state failed to comply with the discovery rules, the court must determine whether the defendant was actually prejudiced by the nondisclosure and whether the trial court abused its discretion." *Id*. (citing *State v. Vaccaro*, 411 So.2d 415, 427-28 (La. 1982). The State argues that it did not intend to use the jail recordings until it was made aware of the defense's theory of the case during opening statements. It also maintains that it did not know of the contents of the recordings prior to trial because it had not listened to the recordings until after the first day of trial.

The trial court overruled defendant's objection, allowing admission of the recordings, notwithstanding its late introduction. Specifically, the trial court

5

accepted the State's contention that it did not have knowledge of the contents of the recordings until the night prior to the second day of trial. The trial court accepted the rationale that the State was unaware that it would use the tapes.

The tapes were provided to Mr. Bernard's counsel the morning of the second day of trial. The jail recordings are of Mr. Bernard's own statements and he failed to demonstrate prejudice by the late introduction of the jail recordings. Additionally, the jail recordings support Mr. Bernard's initial statement during his police interviews that he shot in self-defense. Accordingly, we do not find Mr. Bernard was prejudiced by the nondisclosure of the two jail recordings and thus, find no abuse of discretion by the trial court.[4]

This assignment of error lacks merit.

## Non-Unanimous Jury Verdict

By this assignment of error, Mr. Bernard argues that his non-unanimous jury verdict violates his right to a fair trial as guaranteed by the Sixth Amendment to the United States Constitution. The basis of his constitutional argument is the 2018 amendment to La. Const. art. I, § 17 and the 2019 amendment to La. C.Cr.P. art. 782. La. C.Cr.P. art. 782 provides, in pertinent part:

> A case for an offense committed prior to January 1, 2019, in which punishment is necessarily confinement at hard labor shall be tried by a jury composed of twelve jurors, ten of whom must concur to render a verdict.

---

[4] We likewise note that the jail recordings were not material and therefore, do not qualify as *Brady* information which, upon request, requires the disclosure of evidence favorable to the accused when the evidence is material to guilt or punishment. *See Brady v. Maryland*, 373 U.S. 83, 87, 83 S.Ct. 1194, 1196, 10 L.Ed.2d 215 (1963). "The evidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different… ." *State v. Hawkins*, 1990-1235, p. 6 (La.App. 4 Cir. 9/15/95), 667 So.2d 1070, 1076 (quoting *United States v. Bagley*, 473 U.S. 667, 682, 105 S.Ct. 3375, 3383, 87 L.Ed.2d 481 (1985)).

La. Const. art. I, § 17 and La. C.Cr.P. art. 782 were recently amended to require unanimous jury verdicts in crimes which occur after January 1, 2019. While Mr. Bernard acknowledges that the recent amendments to La. Const. art. I, § 17 and La. C.Cr.P. art. 782 are not applicable to him, he nevertheless maintains that the Sixth Amendment to the United States Constitution requires a unanimous verdict.

Mr. Bernard argues that because the United States Supreme Court has recently granted review of *State v. Ramos*, where this Court upheld a defendant's non-unanimous jury verdict, that is an indication that such verdicts will be deemed unconstitutional. *See State v. Ramos*, 2016-1199 (La.App. 4 Cir. 11/02/17), 231 So.3d 44, *writ denied*, 2017-2133 (La. 6/15/18); 257 So.3d 679, and *writ denied sub nom. State ex rel. Evangelisto Ramos v. State*, 2017-1177 (La. 10/15/18); 253 So.3d 1300, and *cert. granted*, 139 S.Ct. 1318; 203 L.Ed.2d 563 (2019).

The Louisiana Supreme Court has consistently upheld the constitutionality of non-unanimous jury verdicts. *See State v. Bertrand*, 2008-2215 (La. 3/17/09), 6 So.3d 738; *State v. Edwards*, 420 So.2d 663 (La. 1982); *State v. Simmons*, 414 So.2d 705 (La. 1982); *State v. Jones*, 381 So.2d 416 (La. 1980). Likewise, the United States Supreme Court has held that the use of non-unanimous jury trials in state criminal cases does not violate a defendant's Sixth Amendment right to trial by jury. *See Apodaca v. Oregon*, 406 U.S. 404; 92 S.Ct. 1628; 32 L.Ed.2d 184 (1972). The Supreme Court's decision in *Apodaca* currently controls, thus this assignment of error lacks merit.

### Lack of Delay Before Imposition of Sentence/Error Patent

In this assignment of error, Mr. Bernard argues that he did not waive his sentencing delays and as such, it was error for the trial court to sentence him

immediately after hearing his motion for new trial. A review of the record reveals this as an error patent. The motion for new trial was denied on December 1, 2015 and Mr. Bernard was sentenced immediately, on the same date.[5]

La. C.Cr.P. art. 873 provides, in pertinent part: "If a motion for a new trial, or in arrest of judgment, is filed, sentence shall not be imposed until at least twenty-four hours after the motion is overruled. If the defendant expressly waives a delay provided for in this article or pleads guilty, sentence may be imposed immediately." The Louisiana Supreme Court has held that failure to waive the twenty-four hour period is grounds to void a defendant's sentence if the defendant attacks the sentence. *State v. Augustine*, 555 So.2d 1331, 1333-34 (La. 1990). Where a defendant does not waive the delay, failure to observe the delay is not harmless when a defendant challenges his sentence. *See State v. Francis*, (La. 4/29/19), 268 So.3d 289 (per curiam).

A review of the record contains no indication that Mr. Bernard waived the statutorily mandated twenty-four hour sentencing delay. Further, on appeal, Mr. challenges his sentence as being excessive and raises the issue of the trial court's failure to observe the twenty-four hour delay. As such, the trial court's error was not harmless. We therefore find that the failure of the trial court to observe the statutorily mandated twenty-four hour delay requires that the sentence be vacated and the matter remanded for resentencing.

**Excessive Sentence**

By this assignment of error, Mr. Bernard contends that the sentence imposed by the trial court is excessive and thus, a violation of La. Const. art. I § 20. The trial court sentenced Mr. Bernard to two consecutive fifty year sentences. *See* La.

---

[5] Mr. Bernard's motion for new trial was filed October 29, 2015.

R.S. 14:27 and La. R.S. 14:30.1. However, because we find that the trial court erred in failing to observe the twenty-four hour delay before imposing sentencing following the denial of the motion for new trial, this assignment of error is rendered moot.

## Conclusion

After a thorough review of the record, we affirm Mr. Bernard's conviction. However, the trial court erred in failing to observe the statutorily mandated twenty-four hour delay before imposing Mr. Bernard's sentence. Therefore, his sentence is vacated and the matter remanded to the trial court for resentencing.

**CONVICTION AFFIRMED; SENTENCE VACATED AND REMANDED FOR RESENTENCING**