STATE OF LOUISIANA      *      NO. 2022-KA-0817

VERSUS      *

     COURT OF APPEAL

DASHONE REYNOLDS      *

     FOURTH CIRCUIT

     *

     STATE OF LOUISIANA

     * * * * * * *

APPEAL FROM
CRIMINAL DISTRICT COURT ORLEANS PARISH
NO. 552-170, SECTION "DIVISON K"
Judge Marcus DeLarge,
* * * * * *
**Chief Judge Terri F. Love**
* * * * * *
(Court composed of Chief Judge Terri F. Love, Judge Tiffany Gautier Chase,
Judge Dale N. Atkins)


Jason R. Williams
District Attorney, Orleans Parish
Brad Scott
Assistant District Attorney, Chief of Appeals
Thomas Frederick
Assistant District Attorney
619 South Street
New Orleans, LA 70119

     COUNSEL FOR STATE/APPELLEE

Sherry Watters
LOUISIANA APPELLATE PROJECT
P.O. Box 58769
New Orleans, LA 70158-8769

     COUNSEL FOR DEFENDANT/APPELLANT


            **CONVICTION AFFIRMED;
            SENTENCES VACATED AND
            REMANDED**

                **JUNE 15, 2023**

*TFL*

*TGC*

*DNA*

Defendant, Dashone Reynolds, was convicted of manslaughter and obstruction of justice. The district court sentenced Defendant to thirty years at hard labor on the manslaughter conviction and twenty years at hard labor on the obstruction of justice conviction, with the sentences to be served concurrently. The sentencing took place on the same date after the district court denied Defendant's Motion for New Trial and Motion for Post Verdict Judgment of Acquittal (collectively, "motion for new trial"). On appeal, Defendant raises two assignments of error: (1) the district court erred in immediately sentencing Defendant after the denial of his motion for new trial in contravention of La. C.Cr.P. art. 873; and (2) the sentences imposed were excessive.

The record herein shows that the district court failed to observe the twenty-four hour delay to impose sentencing required by La. C.Cr.P. art. 873 after the denial of Defendant's motion for new trial. Defendant did not expressly waive the time delay and he challenged the excessiveness of his sentences. Accordingly,

1

Defendant's conviction is affirmed; however, the sentences imposed are vacated and the matter is remanded for re-sentencing.

## PROCEDURAL HISTORY[1]

Defendant's arrest resulted from the shooting of two brothers, Steve Thompson and Steven Thompson. Defendant was charged by bill of indictment with one count of second degree murder of Steve Thompson, in violation of La. R.S. 14:30.1, one count of attempted second degree murder of Steven Thompson, in violation of La. R.S. 14:27(30.1), one count of obstruction of justice, in violation of La. R.S. 14:130.1, and one count of possession of a firearm by a convicted felon, in violation of La. R.S. 14:95.1. Defendant pled not guilty to the charges. After an initial hearing in which Defendant was initially found incompetent, a subsequent hearing determined Defendant was competent to stand trial.

The district court granted Defendant's *pro se* oral motion to represent himself; however, it appointed defense counsel to act "as an assistant in this matter." Defendant waived his right to a jury trial, stating that he "would like to have a bench trial." Following another competency hearing, Defendant, once again, was deemed competent to stand trial.

At the conclusion of the trial, the district court found Defendant guilty of the responsive verdict of manslaughter as to Steve Thompson and guilty of obstruction of justice. The district court found Defendant not guilty of the attempted second degree murder of Steven Thompson and possession of a firearm by a convicted felon.

---

[1] As discussed herein, Defendant's assignments of error relate to his sentencing, namely, that the district court erred in proceeding to sentencing without a waiver of delays after Defendant's motion for new trial was denied, a violation of La. C.Cr.P. art. 873, and that the sentences imposed were excessive. Accordingly, a recitation of the case facts of the case is not included in our appellate review as the facts are not relevant to dispose of Defendant's assignments of error.

The district court conducted a sentencing hearing on October 19, 2022. On the same date, the district court denied Defendant's motion for post verdict judgment of acquittal and, thereafter, denied his motion for a new trial. Subsequent to the denial of the motion for new trial, the district court asked the State if it was "ready to move to sentencing." The district court made no such inquiry of Defendant. After considering five victim-impact statements and a brief statement from Defendant, the district court imposed the following sentences:

> So, Mr. Reynolds, this Court found you guilty of one count of manslaughter and one count of obstruction of justice. With regards to the manslaughter, this Court is going to sentence you to thirty years in the Department of Corrections. With regards to the [count] of obstruction of justice, this Court is going to sentence you to twenty years in the Department of Corrections. Those counts are to run concurrent with each other and concurrent with any and all other sentences that you may be serving at this time.

Following sentencing, the district court denied Defendant's motion for reconsideration of his sentence and granted Defendant's appeal.

## DISCUSSION[2]

### *Assignment of Error No. 1*

Defendant's first assigned error alleges that his sentence should be vacated because the district court denied Defendant's motion for new trial and immediately sentenced Defendant on the same day without a waiver of the twenty-four hour delay provided in La. C.Cr.P. art. 873. La. C.Cr.P. art. 873 states the following:

> If a defendant is convicted of a felony, at least three days shall elapse between conviction and sentence. If a motion for a new trial, or in arrest of judgment, is filed, sentence shall not be imposed until at least twenty-four hours after the motion is overruled. If the defendant expressly

---

[2] The record reveals one error patent: The district court failed to observe the twenty-four-hour delay required to sentence Defendant after it denied Defendant's motion for a new trial. However, because this error is raised by Defendant in his assignment of error number one, the error patent shall be discussed under said assignment of error.

waives a delay provided for in this article or pleads guilty, sentence may be imposed immediately.

In the case *sub judice*, the district court sentenced Defendant immediately after its denial of Defendant's motion for new trial. Although the district court asked the State if it was ready to move to sentencing, the district court did not ask Defendant, who was proceeding *pro se*, as to his readiness. The sentencing transcript contains no indication that Defendant waived the statutory twenty-four-hour sentencing delay.

The Louisiana Supreme Court has held that the failure to observe the twenty-four-hour delay is not a harmless error where the defendant does not waive the delay and does not challenge the sentence. *State v. Francis,* 2019-0227, p. 1 (La. 4/29/19), 268 So.3d 289 (citing *State v. Augustine,* 555 So.2d 1331 (La. 1990)). As referenced, the record herein indicates that Defendant did not expressly or tacitly waive the sentencing delay. Moreover, the record supports that Defendant asserted challenges to his sentences at both the sentencing hearing through his motion to reconsider the sentences and on appeal. Under this factual scenario, the district court's error cannot be considered harmless error. Accordingly, this Court is required to vacate Defendant's sentences and remand for re-sentencing.[3]

***Assignment of Error No. 2***

Defendant's second assigned error asserts that the thirty-year sentence he received in connection with his manslaughter conviction and the twenty-year

---

[3] The State does not contest that the district court erred in immediately sentencing Defendant without complying with the twenty-four sentencing delay required by La. C.Cr.P. art. 873 after the denial of Defendant's motion for new trial. The State's appellee brief asserts that the district court "erred in proceeding directly to sentencing without observing the delay." Moreover, the State agrees that the error was not harmless because Defendant "challenges his sentence on appeal" and, as such, "vacatur of the sentence is necessary."

sentence he received with respect to his obstruction of justice conviction were excessive. Defendant complains that the district court did not recite the sentencing criteria set forth in La. C.Cr.P. art. 894.1 in imposing the above sentences. However, this assignment of error has been rendered moot based on our determination that Defendant must be resentenced because the district court did not adhere to the prerequisites of La. Cr. P. art. 873 to delay sentencing for at least twenty-four hours after the denial of Defendant's motion for new trial.

## CONCLUSION

Based on the foregoing reasons, Defendant's conviction is affirmed. Defendant's sentences are vacated and the matter is remanded for re-sentencing.

**CONVICTION AFFIRMED;
SENTENCES VACATED
AND REMANDED**